GEORGE W. WARE, JR. *vs.* MERCHANTS' NATIONAL BANK.

Suffolk.     March 6, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Assignment — Creditor — Release.*

A creditor was requested in writing by his debtor to obtain all the money he could on certain shares of bank stock belonging to the debtor, and, after payment of another debt of the latter, to apply the balance towards the payment of his own claim. The creditor thereupon sold the shares, leaving dividends thereon due and uncollected, and, after paying the other debt in full and his own in part out of the proceeds, accepted a certain sum from the executor of the debtor's estate by way of compromise and settlement, and gave him a release under seal "from all claims and demands." *Held,* that the creditor's claim was extinguished, and that the dividends were released and could not be collected by him.

CONTRACT to recover unpaid dividends upon forty shares of stock in the defendant bank. Daniel J. Sawyer, executor of the will of Charles F. Barker, was the claimant of such dividends, and was cited in by the defendant under the St. of 1886, c. 281. At the trial in the Superior Court, without a jury, before *Bishop,* J., the following facts appeared in evidence.

On October 3, 1871, Barker was the owner of the shares in question, upon which there were dividends then due and uncollected amounting to four hundred dollars. On that day Barker, who was indebted to the Freeman's National Bank as well as to the plaintiff, gave to the plaintiff the following paper:

"Boston, Oct. 3, 1871.

"Mr. Geo. W. Ware, Jr., — Please obtain all the money you can on my 40 shares Merchants' Bank stock and pay Freeman's Bank my notes, and you may apply any and all balance towards the payment of my indebtedness to you. Charles F. Barker."

Subsequently, the plaintiff, acting under the above writing, sold the shares and paid the Freeman's National Bank in full, and applied the balance in part payment of Barker's indebtedness to him.   Afterwards Barker died, and on January 21, 1885, his executor and the plaintiff made a settlement and compromise, in accordance with which the executor paid to the plaintiff the sum of two hundred dollars, and the plaintiff gave to the executor the following paper under seal: " In consideration of two hundred (200) dollars to me this day paid, I hereby release and discharge Daniel J. Sawyer, and Daniel J. Sawyer, executor of the estate of Charles F. Barker, from all claims and demands. Witness my hand and seal this twenty-first day of January, 1885. Geo. W. Ware, Jr."   Prior to that day, neither the plaintiff nor the executor had made any demand upon the defendant for the dividends in question, nor at that time did they know of the existence of such unpaid dividends.

Upon the above facts, the judge ruled that the paper or order of Barker to Ware of October 3, 1871, authorized the plaintiff to collect the dividends and apply them to the payment of his own claim after satisfying the claim of the Freeman's National Bank, and that this authority was not revoked by said Barker's death, but ruled, as matter of law, that by the settlement and discharge of January 21, 1885, the debt to which said dividends might have been applied was extinguished, and the dividends released, and that therefore the plaintiff could not recover ; and found for the claimant ; and the plaintiff alleged exceptions.

*R. Lund,* for the plaintiff.

*W. W. Vaughan & E. T. Cabot,* for the claimant.

DEVENS, J.   The instrument of October 3, 1871, signed by the claimant's testator, Charles F. Barker, which requested the plaintiff to obtain all the money he could on the forty shares of Merchants' Bank stock belonging to the testator, and to pay his notes to the Freeman's Bank, and authorized the plaintiff to apply any and all balance towards the payment of the indebtedness of the testator to the plaintiff, was not an assignment of the shares to the plaintiff, but an authority to sell the same and to use the proceeds in the manner recited.   Even if the paper be construed as conferring the authority also to collect and dispose of the dividends already due and unpaid thereon, as it was

construed to be by the presiding judge, it was no more than this. It could not operate to transfer the property in the dividends to the plaintiff, and make them his while yet uncollected. Assuming, without finding it necessary to decide, that it was correctly held that an authority to collect these dividends was granted, yet the plaintiff was only so authorized in order that he might apply them to some existing indebtedness to himself, that to the Freeman's Bank having been liquidated. If now entitled to receive them, it is because the estate of the claimant's testator is still his debtor. After the application of the balance of the money obtained by sale of the stock to the plaintiff's debt, and after the decease of the testator, the plaintiff contended that there was still the amount of six hundred dollars due to him from the estate, while the claimant, the executor, denied that anything whatever was due. A settlement and compromise of all existing claims and liabilities was made between them on January 31, 1885, by which the executor paid to the plaintiff the sum of two hundred dollars, and received from him, personally and as executor of Charles F. Barker, a release and discharge under seal "from all claims and demands." It was ruled, as matter of law, that by this settlement and discharge "the debt to which such dividends might have been applied was extinguished, and the dividends released, and that therefore the plaintiff could not recover." This ruling is correct.

The payment of money by an executor from the funds of an estate in settlement and compromise of unliquidated and disputed claims against it, and the acceptance thereof as such, would operate to extinguish them, even if there had been no formal release under seal. The release and discharge of all claims and demands against the executor was a release and discharge of the estate. Neither the plaintiff nor the executor in fact knew of these dividends. Even if it be true, as the plaintiff contends, that the dividends, had the plaintiff known of their existence, might-rightfully have been applied to the payment of his debt, he had not so applied them. They were still, as we construe the paper of October 3, 1871, the property of the estate, and when the debt was extinguished the plaintiff had no further interest in them.

*Exceptions overruled.*