WILLIAM H. WORKMAN & another *vs.* EDWIN R. SMITH
& another.

Bristol.    October 28, 1891. — November 30, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Equity — Multiplicity of Suits — Adequate Remedy at Law.*

A husband and wife brought a bill in equity against a builder and a mason, alleging that the builder agreed with the husband by separate contracts in writing to build for him a house on his land, and one on his wife's land; that he had substantially completed them, though not entirely in accordance with the contract, and had under an oral agreement done extra work on both; that the husband had made payments in full on account of both contracts and of the extra work, some only of which were specifically appropriated; that the builder claimed to be entitled to further payment, and had sued the husband therefor; that the mason did the mason-work on the house on the wife's land under contract with the builder or as his employee, the wife not having in any way made herself liable therefor, and had received payments from him on account thereof, and had sued her for a balance alleged to be due him for his work; and that the two actions were brought by the fraudulent collusion of the defendants with intent to defraud the plaintiffs, and to compel them to pay twice for the same

work. The plaintiffs offered to pay the defendants anything due them, but insisted that such payment should be a bar to any action by either; and asked that, if the mason's claim was established, the builder might be ordered to repay the amount overpaid him, and for a full and final adjustment between the parties. *Held*, that each plaintiff had a full, adequate, and complete remedy at law; and that they were not jointly interested in any of the matters alleged by them, and could not maintain the bill.

BILL IN EQUITY, filed in this court by William H. Workman and Fanny B. Workman, his wife, against Edwin R. Smith and John S. Appleton, Jr. *Lathrop*, J. reserved the case for the consideration of the full court upon the bill and demurrers, the nature of which appears in the opinion.

*J. Brown*, for the defendants.

*W. H. Fox*, for the plaintiffs.

BARKER, J. The case is reserved for the determination of the full court upon the bill and demurrers, such orders to be made as justice may require.

The plaintiffs, William H. Workman and Fanny B. Workman, are husband and wife. Their bill alleges in substance that the defendant Smith contracted with Mr. Workman to build for him a house on land of Mrs. Workman, and another house on his own land, and that both houses have been substantially completed, although some work on each is unfinished, and some of the work is not as good as was called for by the contracts; that Smith, under an oral agreement with Mr. Workman, did extra work on each house, although not to the amount which he claims; that payments on account of the contracts and of the extra work have been made by Mr. Workman, some of which were upon one contract and some upon the other, and some general, without any appropriation; that these payments amount to $12,974.93, and are alleged to have been in full of the contracts and of all extra work; that Smith claims to be entitled to further payment, and has commenced a suit against Mr. Workman therefor, which is now pending, in which Smith charges him with $5,896 and $5,605, the contract prices for the respective houses, and $1,888.23 for extra work and materials, and credits him with $12,290.40 only, and claims to recover the balance of $1,098.83 : that the defendant Appleton did the mason-work on the house on Mrs. Workman's land under contract with Smith or as his employee, and has received from Smith pay-

ments on account of it amounting to $1,800; that Mrs. Workman made no oral or written contract with Appleton, and never in any way made herself liable to pay him for his work; that she was aware of the tenor of the contract between her husband and Smith, and understood and believed that Appleton was doing the mason-work under contract with Smith or as Smith's employee, and not under any contract express or implied with herself; that Appleton has sued her for the balance due him for the mason-work, alleging in one count a contract with her to do it for the sum of $2,300, and that he has performed his contract and also done extra work, and that she owes him $600; and alleging in a second count that she owes him $886.15 on an account annexed, crediting her in each count with payments of $1,800; and that the two suits were brought by a fraudulent collusion between the defendants with intent to defraud the plaintiffs, and to compel them to pay twice for the same work, because the defendants know that there is not now enough due Smith to pay the balance due to Appleton.

The plaintiffs offer to pay the defendants, or either of them, anything now due from the plaintiffs, or either of them, but insist that such payment shall be a bar to any action by either defendant, and ask that, if Appleton's claim is established, Smith may be ordered to repay the amount overpaid to him. The plaintiffs also contend that their rights are in jeopardy because they are called upon to answer to the two separate suits, and ask for such relief that a full and final adjustment may be made of all matters between the parties.

Smith and Appleton have filed separate demurrers for want of equity.

The case thus shows a controversy between William H. Workman and Smith as to the balance claimed on the two contracts and the extra work on both houses, with a counter claim for the incompleteness and poor quality of the work, and another controversy between Appleton and Mrs. Workman as to whether she owes him a balance for the mason-work either upon an express contract or a *quantum meruit;* and further, that Smith and Appleton have conspired to defraud Mr. Workman by causing the suit of Smith to be brought against him when in fact he owes Smith nothing, and to defraud Mrs. Workman by causing the

suit of Appleton to be brought against her when in fact he has no cause of action.

William H. Workman has a plain, adequate, and complete remedy at law for any wrongs done or threatened him. The trial of Smith's suit, if he pleads in recoupment or set-off, will determine all questions stated in the bill to be pending between these two, and it is not alleged that Appleton has or makes any claim against Mr. Workman. If Smith and Appleton have conspired to bring a groundless suit against him, and he has any claim for damages or relief against them jointly therefor, Mrs. Workman is not jointly interested with him in that claim, and his remedy is by action at law.

So also Mrs. Workman has a plain, adequate, and complete remedy at law for any wrongs done or threatened her. If Appleton did the work, for which he sues her, upon a contract with Smith, the suit against her cannot be maintained. *Schmaling* v. *Thomlinson*, 6 Taunt. 147. *Boulton* v. *Jones*, 2- H. & N. 564. *Boston Ice Co.* v. *Potter*, 123 Mass. 28. Upon the allegations of the bill, her defence to Appleton's suit is perfect, and disposes of the whole controversy so far as she is concerned, except her claim against Smith and Appleton for having subjected her to a false and groundless suit by their fraudulent conspiracy, and in this claim her husband is not jointly interested with her, and her remedy is by an action at law.

Whether a bill in equity could be maintained by either Mr. or Mrs. Workman separately for the conspiracy to bring a false suit against them, we do not intimate, but clearly they cannot jointly maintain one bill for their separate injuries.

Nor are the two plaintiffs jointly interested in the question whether Appleton did his work under a contract with Smith, so that they can maintain a bill in the nature of a bill of interpleader to determine whether any payment which either of the plaintiffs may be under obligations to make to either of the defendants shall go to Appleton or to Smith.

The bill does not state that her husband acted as Mrs. Workman's agent in building the house on her land, or that it was her money which her husband paid to Smith for Appleton's mason-work, so that there is no claim that she will be compelled to pay twice for the same work.

The case is not one in which there are two or more parties having distinct rights or interests which cannot be justly and definitely decided and adjusted in one action at the common law.

Whether Mr. Workman prevails or not in the suit against him, Appleton makes no claim against him; and whether Mrs. Workman prevails or not in the suit against her, Smith makes no claim against her.

We see no ground upon which the two plaintiffs are entitled to equitable relief.                    *Demurrers sustained.*