DINAH WORTHINGTON & others *vs.* JAMES WARING & others.

Bristol.     October 25, 1892. — December 3, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Petition in Equity — Conspiracy — Equity Jurisdiction — Statute.*

The remedy in case of a conspiracy which constitutes a misdemeanor at common law is by indictment.

A petition set forth that the petitioners, employees of a mill corporation, left work upon the refusal of their demand for higher wages; that the treasurer and superintendent of the corporation sent the names of the petitioners to the officers of other corporations in the same city on a list called a black list, which informed the officers that the petitioners had left the mill on a strike; and that thereupon the treasurer and superintendent conspired together and with the officers of other mills, and agreed not to employ the petitioners, with intent to compel them either to go without work in the city, or to go back to work for the mill corporation at such wages as that corporation should see fit to pay them. It did not appear by the petition that any of the petitioners had existing contracts for labor with which the treasurer and superintendent interfered. The prayer was that the respondents, the treasurer and superintendent, be restrained from annoying the petitioners and interfering with their rights to earn their livelihood at their trade, and that they be enjoined to withdraw and destroy all black lists or other devices issued by them or their orders mentioning the names of the petitioners. *Held,* that, if the injury constituted a cause of action, the remedy was by an action of tort to be brought by each petitioner separately. *Held, also,* that the only grievance alleged continuing in its nature was the conspiracy not to employ the petitioners, and that there were no approved precedents in equity for enjoining the defendants from continuing such a conspiracy, or for compelling the defendants either to employ the petitioners or to procure employment for them with other persons.

Equity has, in general, no jurisdiction to restrain the commission of crime, or to assess damages for torts already committed. Courts of equity often protect property from threatened injury when the rights of property are equitable, or when, although the rights are legal, the civil and criminal remedies at common law are not adequate. In the case in hand, however, the rights which the petitioners alleged the defendants were violating were personal rights, as distinguished from rights of property.

If this court were of opinion that a suit in equity did not lose its essential characteristics when brought as an action of contract or of tort, under the St. of 1853, c. 371, it seems manifest that an action at law, brought under the St. of 1887, c. 383, by bill or petition with a subpœna, instead of by an original writ, does not lose the essential characteristics of an action at law.

The intention of the St. of 1887, c. 383, is that each proceeding under it must be treated either as an action at law or as a suit in equity, with the incidents which, by established practice, or by other statutes, attach to the particular action or suit, and that the pleadings and procedure must conform to this view. The provision in § 3, that the court may issue "any writs, orders, injunctions, or other processes necessary, at any stage of the proceedings," adds little or nothing to the powers of the courts under other statutes.

FIELD, C. J.  We take the substance of the petition to be that the petitioners were weavers by trade, and had been employed by the Narragansett Mills, a corporation in Fall River, and that they demanded higher wages, which the corporation refused to give; that they then left work, and that the defendants, who were the treasurer and superintendent of the corporation, sent their names to the officers of other mills in Fall River on a list which is called a black list, which informed these officers that the petitioners had left the Narragansett Mills on what is called a strike; and that thereupon the defendants conspired together and with the officers of other mills, and agreed not to employ. the petitioners, with intent to compel them either to go without work in Fall River, or to go back to work for the Narragansett Mills at such wages as that corporation should see fit to pay them. It does not appear by the petition that any of the petitioners had existing contracts for labor with which the defendants interfered. The prayer was that the respondents be restrained from annoying the petitioners, and interfering with their rights to earn their livelihood at their trade in Fall River, and that they be enjoined to withdraw and destroy all black lists or other devices issued by them or their orders mentioning the names of the petitioners.

If the petition sets forth such a conspiracy as constitutes a misdemeanor at common law, on which we express no opinion, the remedy is by indictment. If the injury which had been

received by the petitioners at the time the petition was filed constitutes a cause of action, on which we express no opinion, the remedy is by an action of tort, to be brought by each petitioner separately. The only grievance alleged which is continuing in its nature is the conspiracy not to employ the petitioners, and there are no approved precedents in equity for enjoining the defendants from continuing such a conspiracy, or for compelling the defendants either to employ the petitioners or to procure employment for them with other persons. See *Boston Diatite Co.* v. *Florence Manuf. Co.* 114 Mass. 69; *Raymond* v. *Russell*, 143 Mass. 295; *Smith* v. *Smith*, 148 Mass. 1; *Carleton* v. *Rugg*, 149 Mass. 550; *Workman* v. *Smith*, 155 Mass. 92. It is plain, however, that the petition was drawn with a view to obtain some equitable relief. It is well known that equity has, in general, no jurisdiction to restrain the commission of crimes, or to assess damages for torts already committed. Courts of equity often protect property from threatened injury when the rights of property are equitable, or when, although the rights are legal, the civil and criminal remedies at common law are not adequate, but the rights which the petitioners allege the defendants were violating, at the time the petition was filed, are personal rights, as distinguished from rights of property.

The counsel for the petitioners contends that the petition can be maintained under St. of 1887, c. 383, and it has been suggested that this suit is partly an action at law and partly a suit in equity, and that, if it cannot be maintained as either the one or the other, it can be maintained under this statute, as partaking somewhat of the nature of both. This statute has been often referred to at the bar as one the meaning of which is not clear, and it becomes necessary to consider it. An examination of it shows that it relates solely to procedure; that it does not purport to change the substantive law, or to create any new cause of action either at law or in equity, or any new kind of relief either legal or equitable, or to change the jurisdiction of the two courts which are mentioned in the first section. It is provided in the fourth section that "Nothing in this act shall be construed to . . . extend or limit the power or jurisdiction of the court in proceedings at law or in equity, except as herein expressly provided," and no extension of the power or jurisdiction

of either of the courts mentioned is expressly provided for in the statute, unless the addition of a new original process to be used in civil actions at law, made by the first section, is such an extension.    The first section, so far as it relates to suits in equity, is taken from Pub. Sts. c. 151, §§ 1, 5, 6.    See St. 1880, c. 37; St. 1883, c. 223, §§ 1, 11.    Cases in equity under pre-existing statutes could be commenced by a bill or petition with a writ of subpœna, or by an original writ with a bill or petition, or with a declaration in an action of contract or tort praying relief in equity, inserted in it.    But civil actions at law, with some exceptions, could be commenced only by an original writ.    Pub. Sts. c. 161, § 13, *et seq.*    The first section of St. of 1887, c. 383, permits civil actions at law, except replevin, to be commenced by a bill or petition which is in the nature of a declaration, and by the service of a subpœna which is in the nature of a writ of original summons.    With this exception, the statute does not purport to change the law relating to pleadings, nor to abolish the distinction between legal and equitable rights or remedies.    The second section provides that " All provisions of law relating to pleadings shall apply to such proceedings so far as the same are applicable."    This is not very intelligible as a statement of what provisions were considered by the Legislature to be applicable, but it was probably inserted for the purpose of excluding any inference that the statute was intended to abolish the established forms of pleading.    The Pub. Sts. c. 167, and other well known statutes, contain elaborate provisions regulating pleading and procedure in actions at law, and there is no intimation in St. of 1887, c. 383, that these provisions were intended to be repealed, and they are not inconsistent with any of the provisions of that statute, except that a bill or petition with a subpœna may be used instead of a common law writ and a declaration.    The Pub. Sts. c. 151, the St. of 1883, c. 223, and other statutes, contain elaborate provisions regulating the pleading and procedure in suits in equity, and there is no intimation in the statute of 1887 that these provisions were intended to be repealed, and they are all consistent with the provisions of that statute.    The Legislature could, of course, abolish all distinctions between actions at law and suits in equity, and adopt one form of procedure for all actions; but such a radical change is not to be

inferred from a few general words of doubtful import, such as are contained in the third section of this statute. By the Revised Statutes suits in equity were to be commenced by bill with a subpœna, or by a bill inserted in a writ of original summons, with or without an order for the attachment of property; Rev. Sts. c. 90, § 117; c. 107, § 22; and the Supreme Judicial Court had power "to make and award all such judgments, decrees, orders, and injunctions, to issue all such executions and other writs and processes, and to do all such other acts as may be necessary or proper to carry into full effect all the powers which are or may be given to them by the laws of the Commonwealth." Rev. Sts. c. 81, §§ 5, 6, 9. The St. of 1853, c. 371, was entitled " An act giving equitable remedies in suits at law," and the principal subjects of equity jurisdiction were in effect divided in the first and second sections into two classes, and it was provided in § 1, that all suits upon one class of subjects " shall be by action of contract, setting forth the facts and circumstances of the case, so far as may be necessary, and praying for relief in equity "; and in § 2, that all suits upon the other class " shall be by action of tort, in which the plaintiff, in addition to his claim for damages, may pray for relief in equity." The Supreme Judicial Court was given exclusive jurisdiction of the suits, and empowered, " as well in term time as vacation," to " make and award all such decrees, judgments, orders, and injunctions ; and issue all such executions and other writs and processes, and do all such other acts, as may be necessary or proper to carry into full effect the power to grant such relief." The St. of 1855, c. 194, § 2, provided that, " When relief is sought in equity, the material facts and circumstances relied on shall be stated with brevity, omitting all immaterial and irrelevant matter, either in the form of a bill, or petition to the court, or in a declaration in an action of contract or tort." The St. of 1856, c. 38, § 2, provided that " Suits in equity may be commenced by bill, or by writ of attachment." The substance of these statutes was incorporated in the Gen. Sts. c. 113, §§ 1 and 3, and is now contained in the Pub. Sts. c. 151, §§ 1 and 5. The Pub. Sts. c. 153, § 3, provides that the Supreme Judicial and the Superior Courts " may make and award judgments, decrees, orders, and injunctions, and shall issue all writs and processes necessary or proper to carry into effect the powers granted to them; and

when no form for any such writ or process is prescribed, the court shall frame one in conformity with the principles of law and the usual course of proceedings in the courts of this Commonwealth." See Pub. Sts. c. 151, § 1 ; St. 1883, c. 223, § 1.

The decisions of this court upon the effect of St. of 1853, c. 371, which provided in substance that suits in equity should be in form either an action of contract or of tort, show that the court did not construe that statute as abolishing the essential distinctions between legal and equitable suits, or legal and equitable remedies, and that, under that statute, a suit must be either an action at law or a suit in equity, and not both one and the other, or partly one and partly the other. *Darling* v. *Roarty*, 5 Gray, 71. *Winslow* v. *Otis*, 5 Gray, 360. *Topliff* v. *Jackson*, 12 Gray, 565. *Irvin* v. *Gregory*, 13 Gray, 215. *Harvey* v. *De Witt*, 13 Gray, 536. *Crane* v. *Adams*, 16 Gray, 542. *Stockbridge Iron Co.* v. *Cone Iron Works*, 99 Mass. 468. In *Irvin* v. *Gregory*, 13 Gray, 215, 217, the court say : " The suit is in form an action at law, praying relief in equity ; and as specific performance cannot be had by a judgment at law, but may be afforded in equity, we regard this action, by force of the St. of 1853, as a suit in equity, and that rules and principles of equity are applicable to it." *Harvey* v. *De Witt*, 13 Gray, 536, 537, was an action of contract in three counts, and in the third count the plaintiff prayed for relief in equity. The court say that the action cannot be maintained. " It attempts to combine, in one suit, matters purely of law, and matters in equity. It cannot be maintained as a suit in equity ; because it is apparent that, as to the claim in the first count at least, the plaintiff, if he has any remedy, has a plain, adequate and complete remedy at law. Nor can it be maintained as a suit at law ; because it was brought originally in this court, without an affidavit stating that the amount sought to be recovered exceeded three hundred dollars. St. 1840, c. 87, § 1." *Stockbridge Iron Co.* v. *Cone Iron Works* was an action of tort, praying for relief in equity, brought in the Supreme Judicial Court, and there was no affidavit that the damage demanded exceeded one thousand dollars, as provided by the Gen. Sts. c. 112, § 6. The court say : " The prayer for relief gives jurisdiction of the action, and therefore no affidavit is necessary. Its character is that of a suit in

equity." If this court were of opinion that a suit in equity did not lose its essential characteristics when brought as an action of contract or of tort under St. of 1853, c. 371, it seems manifest that an action at law brought under St. of 1887, c. 383, by bill or petition with a subpœna, instead of by an original writ, does not lose the essential characteristics of an action at law.

Some of the consequences of holding that the distinctions between equitable and legal suits were intended to be abolished by the statute of 1887, may be briefly considered. The Supreme Judicial Court has no jurisdiction over actions of tort, and only a very limited jurisdiction over actions of contract, dependent upon the amount of the damages demanded, to which the plaintiff, or some one in his behalf, must make oath. The Superior Court has a general jurisdiction over civil actions at law, when the debt or damages claimed exceed one hundred dollars, and concurrent jurisdiction in equity with the Supreme Judicial Court over most, but not all, suits in equity. It could not have been intended by the statute of 1887 that an action at law to recover twenty dollars might be brought in the Supreme Judicial Court by bill or petition, or that all actions of tort might be brought in that court in the same manner. Whether brought by a bill or petition, or by a writ and declaration, they are still actions at law, in distinction from suits in equity, and the provisions which determine the jurisdiction of courts according to this distinction must still be in force. The system of pleading and procedure in actions at law, and in suits in equity, are different in important respects, and substantial rights depend upon the question whether any particular suit is one or the other. If, on the face of the papers, it appears that the court has no jurisdiction of the proceeding, it may be dismissed on motion, and whether the court has jurisdiction may depend upon the question whether it is an action at law or a suit in equity. In an action at law either party has a right to a trial by jury, if seasonably demanded; but it has been held that, in a suit in equity, the plaintiff has not such a right, and that the defendant has not, except in those cases in which the constitution secures to him the right to a jury trial. Issues for a jury are usually framed in equity, in the discretion of the court. Suits in equity are often sent to masters, and actions at law to auditors, and the

effect of the report in one case is not the same as in the other. A judgment at law for the payment of money is enforced by an execution, and the rights of a poor debtor arrested on execution at law are carefully provided for by statute; but although a court of equity may enforce a decree for the payment of money by issuing an execution in form as at common law under authority of the statutes, it may also enforce it by an attachment for contempt, and thus affect the rights of a debtor to be discharged under the statutes relating to the relief of poor debtors. Provisions for appeal to the full court are, in some important respects, different in suits in equity from those in actions at law. These examples show the importance of determining whether any particular civil proceeding is an action at law or a suit in equity.

The third section of the statute of 1887 must be construed with reference to the remainder of the statute, and to the provisions in force when the statute was passed, relating to pleading and procedure. As we think it plain that the statute was not intended to change generally the laws relating to pleading and procedure, or to abolish the distinction between legal and equitable proceedings, or to create new causes of action or new kinds of relief, this section must have a very limited scope. Under pre-existing statutes, courts of equity have the right to issue "all general and special writs and processes required in proceedings in equity to courts of inferior jurisdiction, corporations, and persons, when necessary to secure justice and equity." St. 1883, c. 223, § 1. Pub. Sts. c. 151, § 1. The Supreme Judicial Court and the Superior Court, both at law and in equity, have authority to "issue all writs and processes necessary or proper to carry into effect the powers granted to them." Pub. Sts. c. 153, § 3. The statutes have expressly authorized in certain cases the use of certain legal processes by courts of equity, and of certain equitable processes by courts of law, of which examples may be found in Pub. Sts. c. 151, § 29; c. 179, § 12; c. 180, § 6. Certain equitable defences in actions at law are permitted by St. of 1883, c. 223, § 14, and in certain actions at law a claimant is permitted to appear, and the action becomes substantially a suit of interpleader. St. 1886, c. 281. The provisions are ample for amending actions at law into suits in

equity, and suits in equity into actions at law. St. 1883, c. 223, § 17. Pub. Sts. c. 167, § 43. By St. 1885, c. 384, terms have been abolished in the Supreme Judicial Court and the Superior Court, and these courts can issue any proper process at any time. Courts of equity, when they take jurisdiction of a bill, sometimes go on and decide, as incidental to the equitable matter contained in it, controversies which, standing alone, could only be determined in an action at law, but the third section of St. of 1887, c. 383, cannot be held to relate to this subject. A defendant, either in an action at law or in a suit in equity, is entitled to affirmative relief against the plaintiff only in well defined cases, and the pleadings must set forth his claim according to the established practice in law or equity. In certain suits in equity, both the plaintiff and the defendant may be entitled to relief, as, for instance, in suits to settle the affairs of a partnership, and suits for the foreclosure or the redemption of a mortgage. The relief which the court is authorized to give by St. of 1887, c. 383, § 3, " as the nature of the case may require," must be determined by the law as established, because the section does not purport to authorize forms of relief previously unknown to either law or equity. The only word which really occasions any doubt of the meaning of this third section is the word " both " in the first clause; but, in view of all the provisions of this statute, it must be taken that this refers to cases in which, by the customary practice, or the provisions of other statutes, both legal and equitable relief can be given in the same suit. We think that the intention of the statute of 1887 is, that each proceeding under it must be treated either as an action at law or as a suit in equity, with the incidents which, by established practice, or by other statutes, attach to the particular action or suit, and that the pleadings and procedure must conform to this view. The provision that the court may issue " any writs, orders, injunctions, or other processes necessary, at any stage of the proceedings," would seem to add little or nothing to the powers of the courts under other statutes. The present petition cannot be maintained, either as an action at law or a suit in equity. 　　　　　　　　　　　　　　　　*Petition dismissed.*

*H. A. Dubuque,* for the petitioners.

*A. J. Jennings,* (*A. S. Phillips* with him,) for the respondents.