Joseph Brierly, administrator, *vs.* Equitable Aid Union.

Essex.   November 3, 1897. — January 11, 1898.

Present: Holmes, Knowlton, Morton, & Barker, JJ.

*Beneficiary Association — Designation of Himself as Beneficiary by Member — Assignment to Creditor — Equitable Right to Fund — Legal Title of Administrator.*

A beneficiary association incorporated in another State and admitted to do business here may issue a certificate to a member payable to himself as beneficiary, where neither the constitution nor the by-laws of the association nor the statutes or decisions of either State forbid such a certificate; and an assignment of the certificate for a valid debt larger than the amount of the fund payable thereunder confers upon the assignee an equitable right to the fund, after the member's death, which will prevail over the legal title of the administrator of his estate.

Contract, by the administrator of the estate of William Brierly, to recover $950 under a certificate of membership issued by the defendant to the intestate. Mary F. Rich appeared as claimant of the fund. Trial in the Superior Court, without a jury, before *Hopkins*, J., who ruled that the claimant was not entitled to recover; found for the plaintiff; and reported the case for the determination of this court. The facts appear in the opinion.

*H. I. Bartlett*, for the claimant.
*W. H. Niles*, for the plaintiff.

BARKER, J.  The benefit certificate was issued to the plaintiff's intestate, a member of the society, and was payable to himself.  The society upon being sued appeared, admitted its liability, and under St. 1886, c. 281, paid the money into court, and was stricken out as a party.  The claimant appeared and filed her claim, and the trial was between the plaintiff and the claimant.  As the payment was to be made to the intestate, the legal title to the fund is in the plaintiff; but if the claimant has the equitable interest she will prevail; the statute is broad enough to determine equitable rights and interests, and has been so administered and construed.  See *Ware* v. *Merchants' National Bank*, 151 Mass. 445; *Bridge* v. *Connecticut Ins. Co.* 152 Mass. 343; *Dean* v. *American Legion of Honor*, 156 Mass. 435; *Worthington* v. *Waring*, 157 Mass. 421, 428.  The fund being in the custody of the court, the rights of the plaintiff and the claimant are to be determined as in a suit of interpleader.  See *Underwood* v. *Boston Five Cents Savings Bank*, 141 Mass. 345.

The certificate, which was issued on April 22, 1890, to the member as sole beneficiary, was assigned by him to the claimant by a written instrument dated March 22, 1892, and again by an instrument under seal, dated October 19, 1893, on which date both of the assignments and the certificate were delivered to the claimant.  The member died on December 1, 1893.  The assignments were upon valuable considerations in fact rendered, and they purport to assign and transfer the certificate and all advantages to be derived therefrom, and to authorize the claimant to collect whatever benefits and profits may become due from the society.  At the death of the member there was due the claimant from him for board, advancements, and services a sum greater than the amount of the fund in dispute.

The certificate and the application have no explicit provision concerning assignments.  In the application, the member agrees " to accept any benefit certificate issued hereon, subject to all by-laws which now exist or may hereafter be adopted " by the corporation.  By an article of the by-laws no transfer by the member of a benefit certificate, or of any benefit therein specified, shall be deemed or held binding on the corporation unless made upon application to the corporation in a manner determined by its directors, and accompanied with the sum of fifty cents and

the certificate already issued ; but the certificate already issued shall remain in force until noon of the day on which the new certificate shall issue in its place.   This is applicable to changes in the designation of the beneficiary, and, if it relates also to assignments by a beneficiary of his interest or right as beneficiary, its effect in any case is limited to the legal right of proceeding against the corporation, and it does not affect the creation of equitable interests in the fund to be collected.   By certain " official decisions " printed in the report, and which seem to be merely declarations of what the officers of the corporation supposed to be law, rather than rules of the corporation, it is said that the beneficiary of a member cannot sell or assign his interest in the benefit certificate during the life of the member ; that until after the death of the member the beneficiary has no interest in the certificate to assign ; that a member cannot use his certificate as collateral ; and that certificates are neither commercial paper nor policies of insurance, and cannot be recognized as security, but that the member has full and complete control over his certificate, and can change it at his will and pleasure in the manner provided by law.

When such a society is restricted to furnishing benefits to certain classes, no one outside of those classes can be a beneficiary ; and if no proper beneficiary is designated, the law will distribute the fund among those whom the rules of the society or the general laws prescribe ; and in case of such restriction the money payable under the certificate is no part of the deceased member's estate.   See *Briggs* v. *Earl*, 139 Mass. 473 ; *American Legion of Honor* v. *Perry*, 140 Mass. 580 ; *Daniels* v. *Pratt*, 143 Mass. 216 ; *Addison* v. *New England Commercial Travellers' Association*, 144 Mass. 591 ; *Tyler* v. *Odd Fellows' Relief Association*, 145 Mass. 134 ; *Skillings* v. *Massachusetts Benefit Association*, 146 Mass. 217 ; *Rindge* v. *New England Mutual Aid Society*, 146 Mass. 286 ; *Massachusetts Catholic Order of Foresters* v. *Callahan*, 146 Mass. 391 ; Sts. 1874, c. 375 ; 1877, c. 204, § 1 ;  Pub. Sts. c. 115, § 8.   But if such a corporation is authorized to insure a member for his own benefit, the proceeds of the certificate will go to his executor or administrator for the benefit of his estate, and the limitations of St. 1874, c. 375, and St. 1877, c. 204, § 1, (Pub. Sts. c. 115, § 8,)

as interpreted in *American Legion of Honor* v. *Perry,* 140 Mass. 580, and in *Daniels* v. *Pratt,* 143 Mass. 216, are not applicable to certificates so issued.    See St. 1885, c. 183 ; *Harding* v. *Littlehale,* 150 Mass. 100, 104.    If the proceeds of such certificates are to be administered as part of the member's estate, he has power during his life to charge them with equities, as well as to dispose of them by will.

Is the present certificate governed by the provisions of St. 1885, c. 183 ?    The Equitable Aid Society had been admitted to do business here.    It paid benefits which were " conditioned upon the collection of an assessment upon persons holding similar contracts " ; for its agreement is that whenever its membership is " insufficient to enable the payment of a full $3,000 certificate from the proceeds of a single assessment, a percentage only shall be paid."    It is not shown to come under any of the exceptions stated in St. 1885, c. 183, § 1, which would make that statute inapplicable.    Under it the society could issue certificates payable to the member himself as beneficiary, and the proceeds of which would be part of his estate.    *Harding* v. *Littlehale,* 150 Mass. 100, 104.    Neither the constitution nor the by-laws of the society, nor the statutes or decisions of Pennsylvania referred to in the report, forbid such certificates.    See Penn. St. 1874, No. 32 ; Penn. St. 1893, No. 5 ; Penn. St. 1893, No. 6 ; *Vollman's appeal,* 92 Penn. St. 50 ; *Beatty's appeal,* 122 Penn. St. 428 ; *McNeil* v. *Golden Cross,* 131 Penn. St. 339, 341 ; *Jinks* v. *Banner Lodge,* 139 Penn. St. 414 ; *Fisk* v. *Equitable Aid Union,* 20 W. N. 290.    These decisions, cited as showing the law of Pennsylvania, were all cases in which there was a designated beneficiary other than the member, and none of them discusses the question whether the member can be himself designated as his own beneficiary, or the effect of such a designation. We find nothing in the law of either State to forbid in this instance the designation of the member as his own beneficiary, and nothing which devotes this benefit to any particular class of persons, or forbids it to be part of the deceased member's estate.

The assignment to the claimant being upon valuable consideration and of the whole fund, her equitable right to the fund should prevail over the legal title of the administrator.    Whether

judgment for the plaintiff was entered on the finding the report does not disclose. If so, that judgment and the finding are to be set aside. We find no stipulation in the report which allows us to order judgment for the claimant, and because of the absence of such a provision we cannot now order a judgment for the claimant, although upon the case stated in the report she is entitled to judgment.    *Finding for the plaintiff set aside.*