EUGENIE LAVIGNE, executrix, *vs.* LIGUE DES PATRIOTES, MARILDA CHASSE, claimant.

Bristol.    October 22, 1900. — February 27, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

Under St. 1888, c. 429, § 8, which is not changed by subsequent amendments as to the words in question, a mortuary benefit on the death of a member of a fraternal beneficiary corporation may be payable to the "children, relatives of, or persons dependent upon such member." *Held*, that an illegitimate infant daughter of a deceased member not supported by him during his lifetime, who was designated by him as his beneficiary, could not take as such beneficiary, not being a child or relative of or person dependent upon such member within the meaning of the statute.

CONTRACT brought by the sister and executrix of the will of Alexander Lavigne, to recover the sum of $680 as a mortuary benefit. Writ dated April 23, 1900.

The case was heard in the Superior Court by *Bell*, J., upon the following agreed facts: Alexander Lavigne at the time of his death, on September 3, 1899, was a member of the Ligue des Patriotes, a fraternal beneficiary corporation in Fall River, organized under St. 1888, c. 429. Article 28 of the by-laws of the corporation provided that the "widow or other legal beneficiary of a deceased member shall be entitled to one dollar per active member of the society in good standing, if the deceased had complied with the rules relating to the mortuary fund."

At the time of his death the deceased was a member in good standing of the defendant society, and had complied with the rules relating to its mortuary fund. He died unmarried and without legitimate children. By his will he left the benefits coming to him from the society to the plaintiff, his sister, who was also made residuary legatee and appointed as his executrix by the Probate Court, February 16, 1900. At the time of Lavigne's death the defendant society was under obligation to pay $680 to his legal beneficiary by virtue of the by-law above quoted. No provision was made in the society's by-laws as to designation of a beneficiary, and no certificate was issued by it to the deceased; and the society has never issued certificates to any of its members.

The claimant, Marilda Chasse, was at the time of the trial a minor five years of age, living with her mother, a married woman, whose husband was living but had been separated from his wife for the last twelve years. There had never been any decree of court relating to such separation. The deceased boarded with the claimant's mother, and paid his board regularly until he was taken ill with consumption and became unable to work, and fell into arrears for his board. The plaintiff paid his dues to the defendant society and advanced him money for his board, medical care and attendance; without such assistance on the part of the plaintiff Lavigne's membership in the society during the last year of his life would have lapsed, and he would have lost the sick benefits which he received from it during his illness, and the mortuary benefits at his death for which this action was brought. While Lavigne was ill he executed the following designation in favor of the claimant: "Fall River, Mass., November 2, 1896. I, Alexander Lavigne, a member of the Ligue des Patriotes of Fall River, hereby give to and designate Marilda Chasse as the beneficiary entitled to all mortuary or other benefits coming to me or my beneficiary, in case of death, from said Ligue des Patriotes; said Marilda Chasse being my natural child, and this agreement or designation is made as a recognition of the moral obligation I am under to provide for and support said child. Alexander Lavigne."

Lavigne never contributed to the support of the claimant or

of her mother except by paying his board when he was able; such payment formed part of their support; the claimant's mother was in good health; she had other boarders and took in washing. Shortly after executing the foregoing designation Lavigne left the claimant's mother's house to go to his father's house, and subsequently to the hospital where he died. He left no estate other than the mortuary benefits coming from the defendant society.

The above designation was never communicated to or accepted by the defendant society during the lifetime of Lavigne. After his death the claimant, through her counsel, informed the defendant society that she claimed the mortuary benefits of the deceased under the above designation. The plaintiff as executrix also claimed the benefits from the society, on the ground that the above designation was not valid. The defendant society appeared and stated that it held $680 as mortuary benefits of the deceased; that the benefits were claimed by the plaintiff and the claimant Marilda Chasse, and that it did not know to whom they belonged; that it was ready to pay them under a decree of court to the beneficiary entitled to them, and asked that the claimant be summoned in and that both parties litigate their respective claims under St. 1886, c. 281. The court made Marilda Chasse a defendant and she appeared by counsel, and her mother was appointed guardian *ad litem.*

It was agreed that the court might draw such inferences from the foregoing facts as it deemed proper and enter such judgment as the law requires. The judge found as a fact that Marilda Chasse was the illegitimate child of Alexander Lavigne.

The judge found for the plaintiff in the sum of $680; and the claimant appealed to this court.

*L. E. Wood,* for the claimant.

*H. A. Dubuque,* for the plaintiff.

MORTON, J. At the time of his death the plaintiff's testator was a member in good standing of the defendant corporation which is a beneficiary association. The association admits that it has in its hands $680 as mortuary benefits of the deceased and is ready to pay it to the plaintiff or the claimant as the court may decide. There are no other claimants. Marilda Chasse the claimant is the illegitimate child of the testator. The plaintiff

is the testator's sister and is executrix of his will which has been duly proved and allowed. By this will he left to his sister the benefits coming to him from the association. He also made her residuary legatee. Afterwards by an instrument in writing he designated said Marilda Chasse as the beneficiary entitled to all mortuary or other benefits coming to him or his beneficiary from the association, describing her in the instrument as his natural child, and alleging that the designation was made in recognition of his moral duty to support her. He never contributed to her support except in the sense in which he did so by paying his board when able to her mother with whom he boarded. The mother kept other boarders and took in washing. The plaintiff paid his dues to the defendant society and advanced him money for his board, medical care and attendance; without such assistance on her part his membership in the society during the last year of his life would have lapsed and he would have lost the sick benefits which he received and the mortuary benefits at his death for which this action has been brought. The question is whether the said Marilda Chasse was or could be legally designated as the beneficiary in accordance with Article 28 of the by-laws of the association that the "widow or other legal beneficiary of a deceased member shall be entitled" etc., and the statutes applicable to such associations.

This association was organized under St. 1888, c. 429. By § 8 of that statute the beneficiaries were limited to "the husband, wife, children, relatives of, or persons dependent upon such member." The statute has since been extended so as to include affianced husband and affianced wife, St. 1890, c. 341, § 1, St. 1894, c. 367, § 8, and child by legal adoption and parent by legal adoption, St. 1898, c. 474, § 11, St. 1899, c. 442, § 11, but the other beneficiaries remain the same. No one outside of the classes thus named can be a beneficiary. *Brierly* v. *Equitable Aid Union*, 170 Mass. 218. *American Legion of Honor* v. *Perry*, 140 Mass. 580. Is the claimant a child of, or a relative of, or a person dependent upon the deceased member within the meaning of the statute? By "children," as that word is used in the statute, is meant, we think, legitimate children. *Kent* v. *Barker*, 2 Gray, 535. Jarm. Wills, (6th Am. ed.) 1076. The word "relatives" is of broader scope but manifestly cannot be

held to include an illegitimate child. *Esty* v. *Clark*, 101 Mass. 36. *Kimball* v. *Story*, 108 Mass. 382. *Elliot* v. *Fessenden*, 83 Maine, 197. The attempted designation of the claimant as a beneficiary must be regarded therefore as invalid.

Neither do we think that within any fair construction of the words she can be considered a dependent upon him. He contributed no more to her support than any one of the other boarders whom her mother took, and, as matters stood, he was under no legal obligation to support her. In no just sense can there be said to have been directly or indirectly a relation of dependency between the child and its putative father. See *McCarthy* v. *New England Order of Protection*, 153 Mass. 314; *Elsey* v. *Odd Fellows Relief Association*, 142 Mass. 224.

The association admits that either the plaintiff or the claimant is entitled to the fund. For the reasons which have been given we think that the claimant is not entitled to it. It follows that the plaintiff is entitled to it.

*Judgment affirmed.*