B. J. LINDSAY, O. HARRIS and M. MELZER, Trustees, Respondents, v. MARGARET A. HOTCH-KISS, SUPREME LODGE KNIGHTS OF PYTH-IAS, and JAMES B. SHOEMAKER, Appellants.

Kansas City Court of Appeals, January 29, 1917.

1. EQUITY: Interpleader: Bill in the Nature of a Bill of Interpleader: Insurance: Payment of Assessments by Local Lodge: Lien: Enforcement. After a beneficiary has recovered judgment on a benefit certificate on which the local lodge claimed a lien for the amount of dues it had paid, it was stipulated that the Supreme Lodge would pay the amount on which a lien was claimed into court and bring interpleader to compel the beneficiary and the local lodge to litigate their respective rights to the fund. When it was ascrtained, however, that the Supreme Lodge could not bring interpleader after it had parted with the fund, the local lodge filed a petition in equity asserting its right to the fund. To this the beneficiary filed an answer and counterclaim wherein she asked judgment for the attorney fees she had been compelled to pay in the suit against the Supreme Lodge. Held, 1. That the fund had already been created and placed in custodia legis by virtue of the stipulation, and the plaintiff's petition could therefore be treated as a bill in the nature

of a bill of interpleader. 2. That the suit was unquestionably, brought pursuant to the stipulation and by reason of it, and the counterclaim was wholly outside of its provisions and foreign to the nature, scope and extent of the suit and the agreement by which the fund was deposited, and hence the law affords no basis or warrant for the counterclaim. 3. That since the local lodge did nothing to justify the Supreme Lodge in refusing to pay, and such refusal was wrongful on the part of the Supreme Lodge, the lien of the local lodge for the payments it made, which enabled the beneficiary to recover what she did recover, should not be defeated. 4. That every equitable consideration forbade allowing the beneficiary to recover both the insurance and the premiums.

2. **INSURANCE: Measure of Damages: Attorneys Fee.** The measure of damages in a suit on an insurance policy is the amount thereof without interest and does not include attorneys fees and costs of preparation for trial unless so provided by statute.

Appeal from Jackson Circuit Court.—*Hon. Norman Woodson*, Special Judge.

AFFIRMED.

*Park & Brown* for appellants.

*Samuel R. Freet* for respondents.

TRIMBLE, J.—The controversy herein grows out of litigation between Margaret Hotchkiss and the Supreme Lodge Knights of Pythias over a benefit certificate for $3000 on the life of her husband, payable to her at his death. It seems that during the lifetime of the insured he became unable to pay his dues or assessments for the insurance, and, under a by-law of the Supreme Lodge authorizing it, the local lodge (Denison No. 3 of Texas), of which insured was a member, entered into a contract with him whereby it agreed to pay his dues and have a lien on the certificate for reimbursement. Said lodge did pay them for many years to an amount aggregating the sum of $233, and then, so it claimed, notified insured it would pay no longer, and, according to the said lodge's contention, the insured acquiesced in said refusal and abandoned the insurance. At any rate it refused to pay the assessments of December, 1910, and

January, 1911, and insured died before another became due. The Supreme Lodge refused to pay the certificate, claiming a forfeiture for non-payment of the two assessments above mentioned. Thereupon, suit was brought on said certificate by Margaret Hotchkiss the beneficiary, resulting in a judgment in her favor which, on appeal, was affirmed by this court. See Hotchkiss v. Supreme Lodge Knights of Pythias, 178 Mo. App. 137, wherein it was held the insurance was not forfeited unless the local lodge notified insured it would no longer pay, which the plaintiff therein denied and which the jury found it did not do. Upon the affirmance of this judgment and while Margaret Hotchkiss was demanding payment thereof, the said local lodge, Denison No. 3, laid claim to $233 thereof, being the amount paid out by it in dues for insured as aforesaid. In order that payment of the judgment might not be hindered by said claim, the Supreme Lodge and said Margaret Hotchkiss entered into a written stipulation that, of the amount paid by the Supreme Lodge, $233 should be deposited with the defendant Shoemaker, clerk of the circuit court in which judgment was obtained, and the "plaintiff above named shall bring an equitable action to compel the defendants to interplead as to which of them is entitled to said fund" and that "said sum of money shall remain in the hands of the clerk and shall not be withdrawn at the instance or request of either of the parties to this stipulation but only in pursuance of a decree of the court or of an agreement of these parties." (It is clear from the language of the stipulation that the Supreme Lodge is therein referred to as "the plaintiff above named" and that Margaret Hotchkiss and Denison Lodge No. 3 are meant when the term "defendants" is used.) Said stipulation also provided that the "plaintiff above named" shall "at once secure valid service upon defendant Denison Lodge No. 3 whether said lodge is incorporated or not." Upon the execution of said stipulation by the Supreme Lodge and Margaret Hotchkiss, the former paid the judgment in full, placing $233 of it with

the clerk as provided in said stipulation, and satisfaction of said judgment was acknowledged.

Inasmuch as the Supreme Lodge had divested itself of the fund by paying it into court, or to the clerk, and had no further interest therein, it could not bring the bill of interpleader. Wherefore, the Trustees of Denison Lodge No. 3 filed a "petition in equity" in said circuit court of which Shoemaker is clerk, alleging that Denison Lodge is a voluntary unincorporated association under the jurisdiction of the Texas Grand Lodge Knights of Pythias; that plaintiffs are its trustees and have no adequate remedy at law and therefore bring this action in equity for the use and benefit of said Denison Lodge. Said petition, after alleging that the Supreme Lodge Knights of Pythias is a corporation and that Shoemaker is clerk of the circuit court aforesaid, then alleged the contract said local lodge had with Hotchkiss the insured; that it had paid $233 in dues, that said certificate had been paid in full, and that "pursuant to an agreement made by said defendant Margaret Hotchkiss, the defendant Supreme Lodge Knights of Pythias and these plaintiffs, the sum of $233 was deposited as a part of said judgment with the defendant James B. Shoemaker, in his capacity as clerk of the circuit court of Jackson county, Missouri, to be held by him subject to the order of this court. That said defendant James B. Shoemaker stands ready and willing to pay said sum now in his hands in accordance with the order of this court." The petition closed with a prayer for judgment directing said Shoemaker to pay said sum to the plaintiffs.

On the same day the petition was filed, Shoemaker answered admitting he had said money and stood ready to pay it in accordance with the order of the court, and the Supreme Lodge answered that it had paid said money into the hands of said Shoemaker, clerk, and had no further right, title or interest therein.

The next day after the petition was filed, Margaret Hotchkiss filed an answer and counterclaim. In her answer she admitted all the allegations of the petition ex-

cept as to Denison Lodge being an unincorporated asso-
ciation and as to plaintiffs being its trustees, of which
she had no sufficient information to form a belief and de-
manded strict proof. Said answer then alleged the con-
tract between Denison Lodge and Hotchkiss the in-
sured; that said local lodge breached said contract and
failed to pay the two assessments hereinbefore men-
tioned, whereby, on the death of said insured, the Su-
preme Lodge declared the certificate of insurance for-
feited, and said Margaret Hotchkiss was obliged to sue
for same, and, in doing so, incurred an expense of $1,-
395.20. Wherefore, it was alleged that Denison Lodge
had no lien on said money in the hands of the clerk and
prayer was made that the court direct payment thereof
to be made to her and that she have a decree for costs.

The counterclaim was based upon the alleged viola-
tion of the contract between the local lodge and Hotch-
kiss, the insured, in not paying the dues for the two
months preceding his death, whereby a forfeiture was
declared, and said Margaret Hotchkiss was forced to
bring the suit referred to above, and wherein she re-
covered judgment as aforesaid. Said counterclaim al-
leged that in the prosecution of such suit she was com-
pelled to pay out $1395 for attorneys fees and other ex-
penses, all by reason of the subordinate lodge violating
its contract. It concluded with a prayer for a judgment
for the sum thus paid out and that it be declared a lien
upon funds in the hands of the Supreme Lodge stand-
ing to the credit of the subordinate lodge and that it
also be declared a lien against the money in the hands
of the defendant Shoemaker, and for all other necessary
relief.

Plaintiffs filed a reply to said answer in which, after
a general denial, they alleged that Denison Lodge noti-
fied the insured, Hotchkiss, it would no longer pay said
dues and that at the time of said notification it had paid
all assessments then due.

To the counterclaim, plaintiffs filed an answer set-
ting up that said local lodge notifiel Hotchkiss, the in-
sured, that it would no longer pay said dues, and that

at the time of such notice all such assessments then due had been paid. Said answer to the counterclaim also stated that the Supreme Lodge Knights of Pythias is a corporation wholly separate and distinct from the local lodge and that the latter has no control over the actions of the former. Said answer then set forth the stipulation entered into between the Supreme Lodge and Margaret Hotchkiss as to the deposit of the $233 with the clerk; that it was the agreement and intention of the parties by said stipulation that such action would be brought as would try title to said sum of $233 deposited with defendant Shoemaker; that, upon investigation, it was discovered that said fund, not being in the possession of said Supreme Lodge, the latter could not maintain an action of interpleader "and so, for convenience, the plaintiffs filed their petition solely to determine the rights of the claimants to said fund and that the appearance of the plaintiffs was special and limited to that purpose only."

It was stipulated that all the facts and evidence in the case of Margaret Hotchkiss v. Supreme Lodge Knights of Pythias, in so far as they were material to the issues herein, should be considered in evidence.

The judgment of the trial court was for the plaintiffs and against Mrs. Hotchkiss on her counterclaim, and she has brought the case here on appeal.

We think the trial court's disposition of the fund should not be disturbed. It is clear that this proceeding was brought under the stipulation entered into between Mrs. Hotchkiss and the Supreme Lodge whereby the $233 was deposited with the clerk in order that the court might determine to whom it belonged. True, it was brought by Denison Lodge and not by the Supreme Lodge, but that was because the latter could not; and certainly it was brought by reason of and pursuant to said stipulation. The action was for the sole purpose of determining which of the parties was entitled to the sum of money deposited. By whatever name the action is called, whether a bill in the nature of a bill of interpleader or otherwise, it is undoubtedly a suit in equity

and not one at law.  Mrs. Hotchkiss contends that it cannot be regarded as a suit of interpleader nor as a bill in the nature of a bill of interpleader because the plaintiffs, the trustees of Denison Lodge, do not possess the qualifications nor occupy the position of one who is entitled to maintain interpleader.  But the reason one who asks for an interpleader is required to be in a certain position and possess certain qualifications, such as that he is a mere stockholder with no interest in the fund and is exposed to the risk of two or more suits etc., is that until he is in that situation he cannot ask a court of equity to take charge of the fund and order an interplea to be made.  But in this case the fund has already been created and placed in *custodia legis,* so to speak.  The stipulation and agreement did this, and Mrs. Hotchkiss consented thereto by becoming a party to it.  After this is done, the plaintiffs by this action have merely asserted their claim to the fund and asked the court to give it to them.  We think, therefore, that the action can be regarded as an equitable action and as a claim or interplea for the money asserted under conditions precisely similar to what is termed a bill in the nature of a bill of interpleader.  This is so not only by virtue of the circumstances under which the fund was deposited, but also by reason of the fact that Denison Lodge is a voluntary unincorporated association and as such is entitled to sue in equity.  [Missouri Bottler's Assn. v. Fennerty, 81 Mo. App. 534.]  The facts creating the fund and by which it was deposited for determination as to whom it should go, in addition to the fact above mentioned, create grounds of equitable jurisdiction other than the mere right to compel an interpleader, and hence brings the suit within the same category as one arising under a bill in the nature of a bill of interpleader.  [23 Cyc. 29.]  Where there are two claimants for a fund which by mutual consent, is deposited with a bailee to await the determination of the court as to who is the owner, a suit by one of such claimants against the other and the bailee, to determine the title to such fund, is in the nature of a suit in equity and

is really a case of interpleader. [Borchers Jr., Admr., v. Barckers, 143 Mo. App. 72; Same v. Same, 158 Mo. App. 267.] The counterclaim was wholly outside the provision of the stipulation. No provision was made in it for the settlement of any controversy other than the title to the fund deposited, and an attempt to bring in anything else was wholly foreign to the nature, scope and extent of the suit and of the agreement by which the fund was deposited. It did not appertain in any way' to any interest in the fund the title to which was for determination. Hence the law affords no basis or warrant for the counterclaim. [Anthony v. Carp, 90 Mo. App. 387; Russe v. Hendricks, 75 Mo. App. 386; Kane v. Barthwick, 50 Wash. 8.] If there was no warrant in law for the filing of a counterclaim, then the court was justified in disallowing it notwithstanding plaintiffs filed an answer thereto.

The trial court was also right in refusing to award the deposit to Margaret Hotchkiss. That deposit was the sum advanced for the deceased for the payment of his dues which kept the certificate alive. Such payments enabled Mrs. Hotchkiss to obtain judgment on the certificate and on the proceeds of which the local lodge had a lien by virtue of such payments. Every equitable and just consideration leads to a confirmation of the local lodge's right to it.

But defendant Margaret Hotchkiss says that by reason of the local lodge not paying the dues for the two months preceding her husband's death, the Supreme Lodge attempted to declare a forfeiture and refused to pay the insurance, thereby compelling her to bring suit against the Supreme Lodge and incur the large expense in maintaining it. The difficulty with that position is that the local lodge did nothing to justify the Supreme Lodge in resisting the claim. The resistance to the claim was the wrongful act of the Supreme Lodge, as is shown by our opinion when that case was before us.

But, aside from this consideration, the measure of defendant Margaret Hotchkiss' damages on non-payment is the insurance and interest, and she has recovered for

that. Attorneys fees and costs of preparation for trial are not allowed as damages unless it is so provided by statute. The effect of her claim is that she should be allowed to recover the full amount of an insurance certificate without paying the premium; for, if she were to get this fund, she would have both the amount of insurance and the premium. Her claim is no different than if she, or her deceased husband, had paid the premiums and afterwards, on being compelled to sue for the insurance, had asked in her petition for judgment for the premiums as well as the insurance, excusing such extraordinary prayer on the ground that she had been compelled to undergo outlay in asserting her rights. We think there is no law for that.

The judgment is affirmed. *Ellison, P. J.,* concurs; *Bland, J.,* not sitting.