13495

SYMMES *ET AL.* v. GRAHAM

(166 S. E., 269)

*Messrs. W. D. Workman,* and *W. H. Earle,* for appellant,

*Messrs. Haynesworth & Haynesworth,* for respondents,

October 25, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was commenced in February, 1932, by the plaintiffs against the Equitable Life Assurance Society of the United States and Mabel K. Graham as administratrix. The complaint alleged that on November 11, 1922, the so-

ciety issued a policy of insurance upon the life of one Allen J. Graham in the sum of $86,000.00 and that on April 29, 1927, being heavily indebted, Graham made a deed of assignment for the benefit of his creditors and thereby conveyed to the plaintiffs, as trustees, all his real estate, notes, stocks, bonds, and all other property of every kind; that he delivered the policy of insurance to the plaintiffs and the insurance company was duly notified of its assignment, and, with·the full knowledge and consent of Graham, plaintiffs paid the interest on the policy loans and the policy premiums; that, after the death of Graham, in November, 1931, the insurance company was duly notified of the claim of the plaintiffs to the amount due under the policy; that the company admits the money to be due, and, as plaintiffs are informed and believe, is willing to pay it to the parties entitled thereto. Plaintiffs set forth in their complaint, that the company should be allowed to pay this money into the Court to be distributed to those entitled to it and thereupon to be discharged from further liability. It was also alleged that the defendant, Mabel K. Graham, administratrix of the estate of Allen J. Graham, was made a party to the action so that she could assert any claim she might have to the insurance, but that, in fact, she had no interest whatsoever therein.

The administratrix, answering the complaint, admitted the execution of the assignment, but denied that it covered the insurance policy, claimed the proceeds of the policy, and asked for judgment against the society for the amount due.

The company, by its answer, admitted liability under the policy in the sum of $65,289.39, and asserted its willingness to pay the amount due to the person entitled thereto, but alleged that it had been unable to make settlement because both the plaintiffs and the defendant, Mrs. Graham, were claiming the entire proceeds. It also set forth in its answer that it desired to pay into the Court the amount due and thereupon to be discharged from further liability. Subsequently, under an order consented to by all parties, the company paid the money

to the Clerk of Court, was discharged from all further liability, and, is no longer interested in the outcome of this suit. Thereafter, upon motion of the plaintiffs, his Honor, Judge Mann, over the objection of the defendant Mrs. Graham, passed an order referring the case to the Master "for the purpose of taking and reporting the testimony and stating any facts that may arise under the pleadings." From this order Mrs. Graham appeals.

The alleged error in referring the case is based upon the contention that the action is one at law, and the appellant is therefore entitled to trial by jury. The respondents contend that the proceeding is in the nature of a suit in interpleader, and that, such suit being equitable in its nature, the order of reference was entirely proper.

From a careful study of the pleadings, we think the Circuit Judge was correct. Under our Code practice it is no longer necessary for an interpleader to file a bill as the same result may now be obtained by answer. *Brock v. Southern Railway Company et al.*, 44 S. C., 444, 22 S. E., 601.

"The remedy by interpleader is an equitable one, based on the theory that conflicting claimants should litigate the matter among themselves without involving the stakeholder in their dispute." 33 C. J., 419.

In the case at bar, the insurance company by its answer admitted its liability and asked to be permitted to pay into the Court the amount due under the policy and to be discharged from further liability. This having been done by consent of all the parties, the controversy now is between the respondents and the appellant as to their respective rights in and claims to the fund in the hands of the Court.

"Where there are two claimants for a fund which by mutual consent is deposited with a bailee to await the determination of the Court as to who is the owner, a suit by one of such claimants against the other and the bailee to determine the title to such fund is in the nature of

a suit in equity, and is really a case of interpleader." 33 C. J., 420.

It is true that there are certain issues, as contended by the appellant, between her and the plaintiffs, but these are equitable issues having to do with the determination of the rights of the contending parties to the fund in the possession of the Court. Neither party could maintain an action at law against the other in the matter. Their rights to the fund must be determined by the Court in the exercise of its equitable jurisdiction; the Court may, however, in its discretion, submit to the jury such issues as it may deem proper. See *Lindsay v. Hotchkiss,* 195 Mo. App., 563, 193 S. W., 902; *Brierly v. Equitable Aid Union,* 170 Mass., 218, 48 N. E., 1090, 64 Am. St. Rep., 297.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES CARTER and BONHAM, and MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE, concur.