NATHAN H. DANIELS, executor, *vs.* DELLA PRATT & others.

Hampden.    Sept. 29, 1886. — Jan. 6, 1887.    DEVENS & W. ALLEN, JJ.,
absent.

A member of a beneficiary association, formed under the St. of 1874, c. 375, cannot designate his "estate" as the object of the money payable at his death.

If a by-law of a beneficiary association, formed under the St. of 1874, c. 375, provides that no change of designation, by a member, of the person entitled to receive the aid derived from his membership, shall be valid without the consent and approval of the directors, the last will of the member, not approved by the directors in the lifetime of the member, has no force as a change of designation.

If the executor of the will of a member of a beneficiary association, formed under the St. of 1874, c. 375, receives from the association the amount due on a benefit certificate, he takes it in trust to pay over to the person entitled thereto.

Although the amount derived from the benefit certificate of a member of a beneficiary association, formed under the St. of 1874, c. 375, forms no part of his

estate, yet, if his estate is very small, and a person whose right to such benefit is controverted knowingly receives from the executor, by the consent of the next of kin, a portion of the money derived from the benefit certificate, which portion is much larger than the estate, and, without being induced by fraud, releases his claim to the "estate," he thereby gives up all claim to the amount received from the benefit certificate.

If the executor of the will of a member of a beneficiary association, formed under the St. of 1874, *c.* 375, has received from the association the amount due on the death of the member, and the persons who by the by-laws may be designated as beneficiaries are dead, or have relinquished their rights, and the will cannot operate as a designation of the beneficiaries, the executor takes the money in trust to distribute it in accordance with the rules established by the statute of distributions, and not as assets of the estate.

There is no presumption that the law of another State corresponds with a statute of this Commonwealth.

The by-laws of a beneficiary association, formed under the laws of another State, provided that the sum payable on the death of a member should be paid "to such person or persons as the deceased may have designated to receive the same;" and, if no such designation had been made, then, in the order named, to the widow, children, mother, or "the legal representatives of such deceased member." A member of this association designated said sum to be paid to his "estate." He left no widow, child, or mother, but left certain next of kin, and also made a will, by which he gave certain legacies, and which was admitted to probate in this Commonwealth. The association paid the money to the executor of the will. *Held*, in the absence of evidence that the designation was invalid by the law of the other State, that this money was to be administered in accordance with the will, so far as not required for other lawful purposes.

BILL IN EQUITY, by the executor of the will of Chester A. Dewey, against Della Pratt, his adopted daughter, and seventeen other persons, his next of kin and the legatees under his will, alleging the following facts:

Chester A. Dewey was, at the time of his death, a member of the Masonic Mutual Relief Association of Western Massachusetts, a beneficiary association incorporated under the St. of 1874, *c.* 375. The by-laws of said association provide, in art. 6, § 2, that each member, in his application for membership, "shall designate the person or persons to whom the aid derived from his membership shall be payable. And no change of such designation shall be valid without the consent and approval of the directors." They further provide, in art. 7, § 2, that, upon the death of each member, each surviving member shall be assessed the sum of one dollar; and in art. 9, § 1, that, when a member dies, a sum equal to as many dollars as there are members of the corporation, but in no case exceeding $2500, shall be applied as follows: "1. To the defrayment of the expenses of his last

sickness and funeral. 2. To the payment of the residue to the person or persons designated in his last designation, approved as required by these by-laws. Or if he leaves no such designated person, said residue shall be paid as follows. 3. To his widow and his minor children, to be apportioned to them as follows : If there be but one minor child, one half to the widow and one half to the minor child ; if more than one, one third to the widow and two thirds to the minor children in equal shares. If there be no minor child, the whole to the widow ; if no widow, the whole to the minor children in equal shares. 4. If he leaves no widow and no minor child, then in equal shares to his adult children. 5. If he leaves no widow and no child, then to his mother. 6. If he leaves no widow and no child nor mother, then to his father. 7. If he leaves no widow, and no child, mother, nor father, then to his executor or administrator."

The last " designation " of Dewey directed that the aid derived from his membership should be paid to his " estate."

Dewey was likewise, at the time of his decease, a member of the Southern Tier Masonic Relief Association, a beneficiary association formed, as stated in its by-laws, " for the purpose of aiding and assisting the widows and orphans of worthy brethren." This association was incorporated under the laws of the State of New York, pursuant to an act passed April 12, 1848. The by-laws of said association provide that, " upon the death of any member in the first class of their association, the sum to be paid to the representatives of the deceased member, as designated upon the books of the association, shall be $100 for every member of said class, not exceeding two thousand members, when holding a certificate in the first class only," which amount shall be paid as follows: " 1. To such person or persons as the deceased may have designated to receive the same, as appears on the books of the association. 2. If no designation has been made, or if such designated person has deceased, then to the widow of such member. 3. If no widow survives, then to the child or children of the deceased. 4. In default of all the foregoing conditions, then to the mother of such deceased member, and, in case there is no such designated person or persons, widow, child or children, or mother, this association

may appropriate towards the payment of the expenses of the last sickness, and of the funeral expenses of the deceased, so much as may be necessary for that purpose, not exceeding the sum to which such representative, if any, would be entitled ; and if, after said payment, there shall be any amount remaining, then such excess shall be paid to the legal representatives of such deceased member; but such sum shall in no case be paid to such designated person or persons, widow, child or children, mother, or legal representatives of any member who shall have failed to make payment of the dues or assessments prescribed to be paid by the by-laws of this association."

Dewey made the following designation as to the payment of his death benefit : " To Mabel Stiles, one fourth ; the balance to my estate." Mabel Stiles, mentioned in said designation, died before the testator, unmarried.

Dewey died on May 13, 1884, leaving no widow, or father, or mother, or person dependent upon him for support, and no child except the defendant Della Pratt, who is a legally adopted daughter of the deceased, and leaving certain next of kin, children of a deceased brother, and grandchildren of a deceased sister. Dewey left a will, dated August 24, 1878, which was duly admitted to probate on August 6, 1884, and by which he gave certain legacies. No mention was made of Della Pratt in the will. Dewey left no estate other than said claims for insurance, except the sum of $21.38 in money, the proceeds of certain small accounts collected by the plaintiff.

On receiving due notice of the death of Dewey, the Masonic Mutual Relief Association of Western Massachusetts retained from the sum of $2500, which was the amount due on Dewey's death benefit, the sum of $704, to defray certain bills for the expenses of the last sickness and funeral of Dewey, and paid over the balance, $1796, to the plaintiff, as executor of the will of Dewey ; and the Southern Tier Masonic Relief Association paid to the defendant Della Pratt the sum of $500 from the sum of $2000, which was the amount due on Dewey's death benefit, and paid the balance, $1500, to the plaintiff, as executor.

A dispute having arisen between the defendant Della Pratt and the legatees mentioned in the will of Dewey, the following

instruments were executed, the first on February 16, 1886, by the legatees named in the will, and the second on March 5, 1886, by Della Pratt: "To Nathan H. Daniels, executor will Chester A. Dewey, deceased: Please pay Della Pratt, from any money in your hands belonging to said estate, four hundred and fifty dollars, the same being in settlement, by way of compromise, of the claim of said Della Pratt to said estate as adopted child of said Chester A. Dewey, deceased." "Whereas, I, Della Pratt, formerly Della Dewey, am the legally adopted daughter of the late Chester A. Dewey, and whereas, in the last will and testament of the said Chester A. Dewey no provision is made for me, nor am I in any way mentioned therein, now, therefore, in consideration of four hundred and fifty dollars, to me paid by way of compromise by the legatees named in the will of said Dewey, the receipt whereof is hereby acknowledged, I hereby release any and all claims against the estate of said Dewey, and consent that said estate be distributed according to the provisions of said will." In pursuance of the compromise therein set forth, the plaintiff paid to the defendant Della Pratt, out of the money received from said beneficiary associations, in good faith, and believing the same to be part of the assets of the estate of Dewey, the sum of $450.

The defendant Della Pratt claims the sums in the plaintiff's hands, and all sums paid him by said beneficiary associations, and has brought suit against him to recover the same. The legatees under the will of Dewey claim the same, and suit has already been brought against the plaintiff to recover the same. The next of kin of Dewey also claim the same, and threaten to bring suit against the plaintiff to recover the same, by reason of which suits and conflicting claims the plaintiff is unable to determine whether said sums are assets of the estate of Dewey or not, and is exposed to the risk of being required to settle his accounts and distribute and pay over the funds in his hands before his liability to all the claimants can be determined; the settlement of the estate is liable to be delayed by reason of the dispute; the plaintiff is exposed to the risk of a judgment being obtained against him in one suit, payment of which will be no protection to him in the other suits; and he has no adequate means of determining these conflicting claims, so as effectually

to protect him from the risks of further liability or controversy other than by this bill.

The prayer of the bill was for the direction and protection of the court; and ·that the defendants might be restrained from prosecuting their actions at law until their rights should be determined; and for further relief.

At the hearing, before *W. Allen*, J., the facts alleged in the bill were admitted as proved. It appeared that the defendant Della Pratt was adopted by the testator, Chester A. Dewey, in her childhood, and was brought up by him as his adopted daughter; that, several years before his death, and after she attained her majority, she was married; that, after her marriage, she was not a member of his family, or, in fact, dependent on him; and that, for several years before his death, no one had been in fact dependent on him.

The case was reserved for the determination of the full court.

*G. Wells*, (*E. F. Lyford* with him,) for Della Pratt.

*H. C. Bliss*, for the next of kin.

*H. W. Ely*, for the legatees.

C. ALLEN, J. 1. We will first consider the questions arising in respect to the money received by the executor from the association incorporated in Massachusetts. The designation by Dewey, that this money should go to his estate, was invalid. If it were a part of his estate, it would be assets for the payment of debts and expenses of administration, and would be subject to an unrestricted disposition by will. But this is inconsistent with the statutes, and so beyond the power of the parties. Pub. Sts. *c.* 115, § 8. St. 1882, *c.* 195, § 2. *American Legion of Honor* v. *Perry*, 140 Mass. 580. Nor can the will itself be considered as making a valid designation in favor of the legatees named therein. In the first place, the will includes persons and purposes outside of what the statutes allow. But, besides, the designation must be made to the association in the lifetime of the party who is to make it, and must be approved by the directors. An ambulatory designation, which might be changed by him at pleasure, and approved or disapproved by the directors after his death, is not within the meaning of the by-laws. See art. 6, § 2; art. 9. *Hellenberg* v. *B'nai Berith*, 94 N. Y. 580.

It appears, however, that the fund now in controversy has actually .been paid over by the association, without objection, to the executor, and the question is what he shall do with it. If the executor had no right to enforce payment to himself, as the person entitled under the designation, or under the by-laws, and if, nevertheless, payment to him has been voluntarily made by the association, there is no reason why he may not properly be held to distribute the fund to such persons as may be legally entitled thereto under the by-laws, if there are any such; or, if not, to such persons as under the statutes may legally be beneficiaries. *American Legion of Honor* v. *Perry, ubi supra.* It is to be considered, therefore, whether by virtue of the by-laws any persons are so entitled, subject to the limitation, that the by-laws cannot confer rights inconsistent with the policy of the statutes.

Della Pratt stands first in order, claiming as an adopted daughter of Dewey. It is certainly open to doubt whether the by-laws, by their true construction, include an adopted child. But we need not determine this, because any claim which she might otherwise have is cut off by her compromise settlement and receipt. Independently of his claims against the two associations, Dewey left no property except to the trifling amount of $21.38. She received $450 from the executor, in addition to the $500 which she had already received from the New York association. All the parties must have understood that this payment to her by the executor came from the funds received by him from the two associations, and that, when she released any and all claims against the estate of said Dewey, and consented that said estate be distributed according to the provisions of the will, she meant by " the estate " to include the funds in question. No suggestion of fraud or of overreaching being made, the settlement must be treated as the settlement of a claim that was open to question, and as binding upon her. Under these circumstances, she cannot maintain her present claim to the whole fund.

She being out of the case, and there being no widow, no other child, and no mother nor father of the deceased, the by-laws provide that the payment shall be made to his executor or administrator. In view of the statute which limits beneficiaries to relatives, this provision of the by-laws cannot be held to

mean that the executor shall hold the fund as general assets of the estate, or to be disposed of according to the will; but, the money being in his hands, and the will being ineffectual to dispose of it, either by way of bequest or of designation, and the beneficiaries being limited to relatives by the statutes, he should distribute the money in accordance with the rules established by the statute of distributions, excluding Della Pratt.

2. We now come to consider the questions arising in respect to the money derived from the association incorporated in New York. The designation of this also was to his estate. We have no occasion to consider whether such designation was valid under the laws of New York, because in this case also the by-laws provide for the payment, in the last resort, " to the legal representatives of such deceased member ; " and the legal representative is the executor. *Lodge* v. *Weld*, 139 Mass. 499, 504. The claim of Della Pratt is to be disallowed for the same reasons heretofore given, and there is no other person living who is entitled in priority to the executor. It does not appear, and it is not contended, that the statutes of New York contain any limitation of persons who may be beneficiaries. There is no presumption that the statutes of another State are like our own. *Murphy* v. *Collins*, 121 Mass. 6. The money has been paid to the executor, and it is immaterial whether he took it under the designation by Dewey to his estate, or under the by-law providing for payment to Dewey's legal representative, because in either case he would take it as estate of the deceased, without limitation as to its disposition, and it is therefore to be administered in accordance with the will, so far as not required for other lawful purposes. The limitation of the beneficiaries to relatives, established by our own statutes in respect to similar associations in this Commonwealth, does not affect the disposition of the money coming from the New York association.

*Decree accordingly.*