LEVI L. FISHER ET AL., APPELLANTS, V. LILLIAN DONOVAN
ET AL., APPELLEES.

FILED JANUARY 5, 1899.   No. 8547.

1. **Trust Funds:** DISBURSEMENTS. To create a trust fund out of which
a trustee may make disbursements the trustor must have some
present or future right to, or interest in, the fund directed to
be set apart.

2. **Beneficiary Society:** MEMBERS: TRUSTS: CREDITORS. A member of
a fraternal beneficiary society has no such interest or property
in the proceeds of a certificate therein that he can impress such
proceeds with a trust in favor of his creditors.

3. ———: CERTIFICATE: EXPECTANCY. A certificate in a fraternal
beneficiary society is a mere expectancy, and the beneficiary has
no vested right therein.

4. ———: CHANGE OF BENEFICIARY. A member holding a certificate
in a fraternal beneficiary society may at his option change the
beneficiary therein so long as he complies with the laws of such
society and keeps within its limitations, and those of the stat-
ute under which it is organized.

5. ———: CERTIFICATE: TITLE TO FUND. Upon the death of a mem-
ber holding a certificate in a fraternal beneficiary society the
money arising from such certificate vests absolutely in the bene-
ficiary properly designated by the member.

6. ———: ———: ———: RIGHTS OF CREDITORS. Creditors have no
right to, or interest in, a certificate in a fraternal beneficiary so-
ciety, either before or after the death of the member, and they
cannot participate in the fund derived therefrom.

7. **Evidence:** FOREIGN LAWS. The contrary not appearing, the statute
of a sister state will be presumed to be similar to our own.

8. **Beneficiary Societies:** CONSTRUCTION OF RULES. The rules and
regulations of fraternal beneficiary societies for the creation and
payment of their funds to the properly designated beneficiaries
should receive such liberal construction as to carry out the
benevolent purposes sought to be accomplished.

9. **Promise to Pay Debt of Another.** The promise of one party to
pay the debt of another cannot be enforced unless such promise
be in writing signed by the party to be charged.

APPEAL from the district court of Fillmore county.
Heard below before HASTINGS, J.   *Affirmed.*

The opinion contains a statement of the case.

*John D. Carson*, for appellants:

A trust involving personalty may be created by parol. (*Allen v. Withrow*, 110 U. S. 119; *Gilman v. McArdle*, 99 N. Y. 451; *Ellis v. Secor*, 31 Mich. 185.)

Any language showing that property or money shall be held for a purpose, or on behalf of another, will constitute a parol trust. (*Foote v. Foote*, 58 Barb. [N. Y.] 258; *Chase v. Perley*, 19 N. E. Rep. [Mass.] 398.)

A verbal trust partially performed will be enforced in equity. (*Robbins v. Robbins*, 89 N. Y. 251.)

A trustee who accepts a fund impressed with a trust is estopped to assert that he has not formally accepted the same. (*McBride v. McBride*, 51 N. W. Rep. [Mich.] 1113.)

The money received by Lillian Donovan on policies of insurance is impressed with a trust and should be applied by her to payment of debts enumerated by her husband to be paid out of the fund. (*Cobb v. Knight*, 74 Me. 253; *Phipard v. Phipard*, 8 N. Y. Supp. 729; *Boasburg v. Cronan*, 7 N. Y. Supp. 5; *Clark v. Durand*, 12 Wis. 248; *Hutchings v. Miner*, 46 N. Y. 456; *Kelley v. Mann*, 56 Ia. 625; *Collins v. Dawley*, 4 Colo. 138; *Holland v. Taylor*, 111 Ind. 121; *Grand Lodge A. O. U. W. v. Noll*, 51 N. W. Rep. [Mich.] 268; *Bloomington Mutual Life Benefit Ass'n v. Blue*, 11 N. E. Rep. [Ill.] 331.)

*Charles H. Sloan*, contra:

The beneficiary could only be changed in the manner provided by the rules of the societies. There was no compliance with the rules. Under the statutes and under the rules of the societies creditors of a member cannot become beneficiaries. Upon the death of a member the beneficiary becomes the absolute owner of the fund, and creditors of assured cannot participate therein. (*Hellenberg v. Order of B'Nai Berith*, 94 N. Y. 582; *Thomas v.*

*Thomas,* 131 N. Y. 205; *Central Bank of Washington v. Hume,* 128 U. S. 159; *Brockhaus v. Kemna,* 7 Fed. Rep. 609; *Timayenis v. Union Mutual Life Ins. Co.,* 21 Fed. Rep. 223; *In re Richardson,* 47 L. T. R. n. s. [Eng.] 514; *Ex parte Dever,* 18 L. R. Q. B. Div. [Eng.] 664; *Glanz v. Gloeckler,* 104 Ill. 573; *Pence v. Makepeace,* 65 Ind. 345; *Wilburn v. Wilburn,* 83 Ind. 55; *Harley v. Heist,* 86 Ind. 196; *Allis v. Ware,* 28 Minn. 166; *McClure v. Johnson,* 56 Ia. 620; *Olmstead v. Masonic Mutual Benefit Society,* 37 Kan. 93; *Manhattan Life Ins. Co. v. Smith,* 44 O. St. 156; *Robinson v. Duvall,* 79 Ky. 83; *Vollman's Appeal,* 92 Pa. St. 50; *Gosling v. Caldwell,* 1 Lea [Tenn.] 454; *Crittenden v. Phœnix Mutual Life Ins. Co.,* 41 Mich. 442; *Fowler v. Butterly,* 78 N. Y. 68.)

*F. B. Donisthorpe,* also for appellees.

SULLIVAN, J.

This action was brought to restrain the defendant Lillian Donovan, widow of Jere Donovan, deceased, from converting to her own use the proceeds of two certificates of life insurance issued to her late husband by fraternal beneficiary societies, and to impress such proceeds with a trust in favor of the plaintiffs as creditors of the insured. From a decree in favor of defendants the plaintiffs have appealed.

Jere Donovan was postmaster at Geneva, in Fillmore county. He was indebted to the plaintiffs and others for borrowed money. He represented to his creditors that in case of his death they would be paid out of the moneys to be derived from insurance upon his life. The insurance carried by him was as follows: In the Knights of Pythias, $1,000, payable to his two infant children; in the Ancient Order of United Workmen, $2,000, of which sum $1,000 was payable to his widow and $500 to each of his children; in the Modern Woodmen of America, $2,000, of which half was payable to his widow and half to his children. September 4, 1894, Mr. Dono-

van was taken sick. His sickness continued until October 25 of that year, when he died. At times during his illness he was troubled and anxious about his debts and expressed a desire that in case he did not recover they be paid out of his life insurance. On one occasion he asked Mr. Carson, an attorney, to call, and to him he gave a list of his liabilities. On another occasion, while his physician was present, he called his wife into the sick-room and said to her: "I want you to pay my debts. Will you do it?" To which she responded, "Yes." He also said, "Doctor, you hear this, don't you?" To which the doctor replied, "Yes." Nothing else was said or done. It is asserted by appellants that these facts and circumstances constituted Lillian Donovan a trustee of the fund afterwards received by her in satisfaction of the benefit certificates, and that she should be now compelled to execute the trust. Mrs. Donovan was appointed administratrix of her deceased husband's estate. After setting off to her the exemptions provided by law for the widow there remained nothing for distribution among creditors. However, she voluntarily paid several claims against the estate, and the appellants, asserting that she did this in partial execution of the trust, earnestly insist that she be now required to carry out completely the wishes expressed by her husband in his last illness.

To create a trust fund out of which a trustee may make disbursements, the trustor must have some present or future right to or interest in the property directed to be set apart. In other words, to constitute a valid trust there must be (1) a competent trustor, (2) a transfer to a competent person, (3) a fund or object capable of being transferred, and (4) a *cestui que trust* capable of taking or participating in the fund. (*Commissioners v. Walker*, 6 How. [Miss.] 143.) Had Jere Donovan such a right or interest in the certificates in question, and have his creditors, the appellants here, the right to participate in the fund? We think not. The purposes and objects

of these beneficiary organizations are vastly different from those of ordinary life insurance companies. The so-called "old line" life insurance companies, immediately on the issuance of a policy, confer on the beneficiary a valuable right which cannot be divested without the consent of such beneficiary. Such policies may be pledged or assigned by the beneficiary as security for debts of the insured. These policies often by law have a marketable or cash surrender value, making them a form of property. But not so with certificates in fraternal beneficiary societies. They are mere expectancies. The beneficiary has no vested rights in them, and the insured may at any time, at his option, change the beneficiary, provided only he keep within the limitations established by the rules of the society, and complies with the laws respecting a change of beneficiary. Neither have these certificates a cash surrender value. The supreme court of Pennsylvania, in construing a certificate similar to those in question here, say: "The testator had no property in the fund.   *   *   *   The fund in fact was never his property. He had power of appointment only, and such power did not create any property in him. The purpose of these certificates excludes the claim that there was any property in him." (*Northwestern Masonic Aid Ass'n v. Jones*, 154 Pa. St. 99.) The insured member of such societies has himself no interest in the fund. He possesses only a mere power of appointment. (*Rollins v. McHatton*, 16 Colo. 203; *Hellenberg v. District*, 94 N. Y. 580.) Jere Donovan had no property in the certificates. He had no right or interest therein upon which he could impress a trust. Upon his death the money arising from the certificates became absolutely the property of the beneficiaries, to do with as they saw fit. The widow could use the money to pay such of her husband's debts as she wished to pay, or she might retain it all for her individual use. The societies paying the money were organized to "issue certificates of indemnity calling for the payment of a certain sum, known and defined, in

case of death, * * * to the widow, orphan or orphans, or other persons dependent upon such members." (Compiled Statutes 1895, ch. 16, sec. 198.) The constitution of the Ancient Order of United Workmen provides that "Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall, in every instance, be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him." (Constitution A. O. U. W., art. 6, sec. 4.) The by-laws of the Modern Woodmen of America provide: "The objects of this fraternity are to promote true neighborly regard and fraternal love, to bestow substantial benefits upon the family, widow, heirs, blood relations, affianced wife, or person dependent upon the member, and such others as may be permitted by the laws of the state of Illinois." (By-Laws M. W. A., div. 1, sec. b.) None of these designations include creditors, so that the insured did not have the right, even, to make a formal change designating his creditors as beneficiaries. The laws of this state governing such societies preclude creditors of a member from participating in the fund so created. The statutes of the states in which these societies were organized not being pleaded, we presume they are similar to our own. The statute or charter of the order designating beneficiaries controls. (*Britton v. Supreme Council*, 46 N. J. Eq. 102; *National Mutual Aid Ass'n v. Gonser*, 43 O. St. 1; *Caudell v. Woodward*, 96 Ky. 646.) A person not of the class for whose benefit a mutual benefit association is organized cannot be a beneficiary. (*Wolf v. District Grand Lodge*, 102 Mich. 23; *Britton v. Supreme Council, supra; Alexander v. Parker*, 144 Ill. 355; *Norwegian Old People's Home Society v. Willson*, 52 N. E. Rep. [Ill.] 41.) The beneficiaries which may be designated are but few, and creditors of the member are not among them. Even though Jere Donovan had complied with all the provisions and forms required by the societies respecting a change of beneficiary, plaintiffs could not have been named, since

creditors are not within the limitations either of the statute or of the by-laws of either society. Either the statutes of the state, or the charter or by-laws of mutual benefit societies, usually provide that the fund is established for the benefit of the widow, children, orphans, relatives, or dependents of the deceased member; and where such provision is made the beneficiary designated must be in one of the classes mentioned. (*Elsey v. Odd Fellows' Mutual Relief Ass'n*, 142 Mass. 224; *Presbyterian Mutual Assurance Fund v. Allen*, 106 Ind. 593; *Supreme Council American Legion of Honor v. Perry*, 140 Mass. 580; *Skillings v. Massachusetts Benefit Ass'n*, 146 Mass. 217.) In *Skillings v. Massachusetts Benefit Ass'n* the court say: "A person whose only relation to the deceased member is that of a creditor is not a person dependent upon him within the meaning of these statutes, and the promise to pay the plaintiff is void. Such a promise is beyond the powers of the association and contravenes the intention of the statute under which the association was organized. The plaintiff therefore cannot maintain an action on this promise, either for his own use or for that of any other person." These fraternal beneficiary societies, in their present form, are comparatively recent creations. They respond to a popular demand for protection to dependents at reasonable cost. They provide what is often called the "poor man's insurance." In most, if not all, the primary object is to provide substantial benefits, in case of the death of the member, to the widow, orphans, or dependents of such member; to provide means for the family when the main support is gone. Their purposes are laudable. They provide means to maintain the widow, and feed, clothe, and educate the orphans, and thereby relieve the state of burdens which otherwise might fall upon it. The provisions for the creation and payment of these sacred funds to the properly designated beneficiaries should receive such liberal construction that the widow, the orphan, or other dependent may receive the intended benefit.

In determining who is entitled to receive the benefits of the provisions of societies of this kind it is the duty of the court to construe the statute and their rules and regulations liberally, and in such manner as to carry out the beneficent purposes sought to be accomplished. (*Ballou v. Gile*, 50 Wis. 614; *Supreme Council American Legion of Honor v. Perry, supra.*) It is true Mrs. Donovan did assent to her husband's request to pay his creditors, but since he failed to provide the trust fund out of which payment might be made, the plaintiffs cannot recover from her as trustee. After her husband's death, there being no proper change of beneficiary, half the proceeds of the certificates in question became absolutely the money of Mrs. Donovan, and the promise she made was, at most, but a promise to pay her husband's debts out of her own property. There is no claim that the promise was in writing, and it is a familiar doctrine that a promise to answer for the debt, default, or misdoings of another is within the statute of frauds, and, to be binding, must be in writing signed by the party to be charged therewith. (Compiled Statutes, ch. 32, sec. 8.) Mrs. Donovan cannot be held in this action, either as trustee or individually, for plaintiffs' demands. The decree of the trial court is therefore

AFFIRMED.