ALBERT PILCHER *et al.* v. EDNA A. PUCKETT *et al.*

No. 15,380.　(94 Pac. 132.)

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Interest of a Member.* A member of a mutual benefit society who holds a certificate of insurance therein has no interest in the fund. He possesses simply the power of appointment, which, if not exercised, becomes inoperative. Neither the certificate nor the proceeds become a part of the estate of the member.

2. ——— *Change of Beneficiary—Will Ineffectual.* A member of a mutual benefit society who is the holder of insurance therein has no interest in the certificate which can be disposed of by will. And where the rules and by-laws of the order and the contract of insurance provide a method by which a change of beneficiary may be made by the member that method must be followed, and a testamentary direction will be held ineffectual as a new designation.

3. ——— *Interest of Beneficiary.* Where the beneficiary named in a benefit certificate issued by a mutual benefit society dies before the insured member, no interest in the fund vests in the beneficiary, and her heirs cannot take the fund by inheritance. The only interest such beneficiary had in her lifetime was an expectancy, which ceased at her death.

4. ——— *Death of Beneficiary before Assured—Disposition of the Fund.* Where, in a case like the one mentioned in the preceding paragraph, the assured has made no change in the beneficiary, and the rules and by-laws of the society which were a part of the contract expressly provide where the fund shall go at his death, the contract governs. In this case the laws of the order provide that under the facts which are not disputed the proceeds are payable only to the heirs of the assured.

5. ——— *Who May Be Beneficiaries.* A person not within the class for whose benefit such mutual society is organized cannot become a beneficiary.

6. WILLS—*Latent Ambiguity—Parol Evidence.* Where a latent ambiguity in the terms of a last will is established by parol testimony which itself serves to explain and remove the ambiguity the language of the will controls.

Error from Reno district court; PETER J. GALLE, judge. Opinion filed February 8, 1908. Reversed.

STATEMENT.

THE question for determination in this case is, Who is entitled to the proceeds of a benefit certificate issued by the Modern Woodmen of America on the life of William Pilcher. The principal controversy arises between his heirs by blood, who will be referred to hereinafter as the Pilcher heirs, and his stepchildren, who are the children and heirs of his deceased wife. The certificate was issued on the 31st day of March, 1891, for the sum of $1000, payable to Emma H. Pilcher, who was the wife of William Pilcher and the mother of his three stepchildren, who are hereinafter referred to as the Dilley children. On the 6th day of November, 1899, Emma H. Pilcher died. No change of the beneficiary was made by William Pilcher after the death of his wife, and he died on the 27th day of January, 1903.

This action was brought by Edna A. Puckett (formerly Edna A. Dilley). She claimed to be entitled to recover the full amount of the certificate. Her brother and sister filed cross-petitions, each claiming a one-third interest in the fund. The Modern Woodmen of America answered, admitting that the amount named in the certificate was due and payable, but alleged that the Pilcher heirs, blood relatives of William Pilcher, deceased, had set up claims to the fund. It asked to be permitted to pay the money into court, that the Pilcher heirs be made defendants, and that the court determine who was entitled thereto. This was done, and the Pilcher heirs set up their claims by proper pleadings. There was a trial to the court and judgment in favor of the Dilley children, giving to each one-third of the amount of the certificate. The Pilcher heirs seek to reverse the judgment, and Edna A. Puckett has filed a cross-petition in error claiming that the court should have adjudged her entitled to the full amount of the certificate.

The rules and regulations of the order in force at the

time of the death of William Pilcher provide as follow:

"SEC. 41. *Who may be beneficiaries.*—Benefit certificates shall be made payable only to the wife, surviving children, or some other person or persons specifically named in said benefit certificate as beneficiary, who are related to the member as heir, blood relative, or person dependent upon him, or member of his family whom the applicant shall designate in his application; provided, however, that no payment shall be made upon any benefit certificate to any person who does not bear relationship as wife, surviving child, heir, blood relative, or person dependent upon or member of the family of the member at the time of his death.

"SEC. 42. *If beneficiary dies, disposition of benefits.* —In the event of the death of a beneficiary prior to the death of a member, and upon the failure of such member to designate another beneficiary, then the amount to be paid under the benefit certificate shall be payable to the other surviving beneficiaries, if any there are, or if no beneficiary survive him, then to the wife of such neighbor, if she survives him, and in case he has no surviving wife, to his legal heirs."

In addition, section 43, entitled "Change of Beneficiaries," provides in substance that a member in good standing who may desire to change the name of the beneficiary shall pay a fee of fifty cents and deliver his beneficiary certificate, with the surrender clause duly executed by him, designating such change, and that no change in the beneficiary shall be effective or of binding force until the old certificate shall have been delivered to the head clerk and a new certificate issued during the lifetime of the member. It also provides that the new beneficiary or beneficiaries named shall be within the description of beneficiaries mentioned in section 41.

Edna A. Puckett based her claim upon the last will and testament of William Pilcher, deceased. This will was executed on the 3d day of January, 1902. It devised all of his property, real and personal, to the

Dilley children.   The fourth paragraph reads as fol-
lows:

"The beneficiary certificate which I hold in the Mod-
ern Woodmen is not intended to be included in the
provisions of this will, but it is my will that upon my
decease the sum designated in said certificate be paid
to the beneficiary therein named."

In Edna A. Puckett's petition it was alleged that at
the time the will was prepared the testator made cer-
tain statements to his attorney, expressing his desire
that the proceeds of the certificate in question should
be paid in full to Edna A. Puckett; that he was advised
that he had the right under the by-laws of the order
to change the beneficiary at any time; that, upon being
so advised, he directed the above-mentioned clause of
his will to be written; that it was his intention there-
after to change the beneficiary so that the proceeds
should be paid to Edna A. Puckett, but that he was
ill and unable to attend to business and continued so
until the date of his death, which accounted for his
failure to make the change in the certificate; that he
had a special inducement to provide for the plaintiff,
because, for more than two years before his death, she
nursed and cared for him.   It was the theory of the
petition that such a latent ambiguity in the fourth
clause of the will was shown to exist by the facts stated
as to authorize the admission of parol testimony to
explain the testator's intention and that his intention
should prevail.   Over the objections of defendants the
court admitted testimony of this character, which is
assigned as one of the errors complained of.

*Carr W. Taylor,* and *George E. Battin,* for plaintiffs
in error.

*George A. Vandeveer,* and *F. L. Martin,* for defend-
ants in error, and cross-petitioner in error, Edna A.
Puckett.

The opinion of the court was delivered by

PORTER, J.: We shall first notice the contentions of the cross-petitioner in error, Edna A. Puckett, which are that the certificate was part of William Pilcher's estate, and that under the fourth paragraph of his will, as explained and aided by the parol testimony of his intentions, the proceeds should be paid to her; that if for any reason the intent of the testator thus established cannot be given effect the fourth paragraph of the will should be considered null and void, and the three Dilley children would then be entitled to take under the second paragraph of the will; also, that if the court should hold the will inoperative as to the certificate, then Emma H. Pilcher had a vested right in it, which passed at her death to her heirs.

None of these contentions is sound. The certificate is no part of the estate of the member. (*Olmstead v. Benefit Society*, 37 Kan. 93, 14 Pac. 449.) It is inconsistent with the theory upon which benefit societies are organized that the proceeds of a benefit certificate should be considered assets of the member's estate. Otherwise, it would become liable for his debts and the costs of administration, something not within the contemplation and purpose for which such orders are established. The insured member himself has no interest in the fund; he possesses simply a power of appointment, which, if not exercised, becomes inoperative. (*Rollins v. McHatton*, 16 Colo. 203, 27 Pac. 254, 25 Am. St. Rep. 260; *Hellenberg v. Dist. No. One of I. O. of B. B.*, 94 N. Y. 580; Bacon, Ben. Soc. & Life Ins. § 243; *Fisher v. Donovan*, 57 Neb. 361, 77 N. W. 778, 44 L. R. A. 383; *Masonic Aid Ass'n v. Jones et al., Appellants*, 154 Pa. St. 99, 26 Atl. 253; *Keener v. Grand Lodge, A. O. U. W.*, 38 Mo. App. 543; *Eastman v. Association*, 62 N. H. 555; *Coleman v. Knights of Honor*, 18 Mo. App. 189.) Again, where the rules and by-laws of the order prescribe the way in which a bene-

ficiary may be changed and require that the procedure shall be followed in order to effect a valid change, the rules and by-laws control, and a testamentary direction is ineffectual. In *Olmstead v. Benefit Society, supra,* it was expressly held not to be within the power of such member to change the beneficiary by will, but that in order to effect such change the procedure prescribed by the rules and by-laws of the order which are a part of the contract must be followed. In the opinion Mr. Justice Johnston, speaking for the court, said:

"We are to decide whether the beneficiary named in the certificate could be changed and the fund disposed of by the will, as was attempted to be done. . . . The assured had no interest in the benefit resulting from his membership. In no event was it payable to him, nor could it become a part of his estate; and having no interest in the fund, what was there for him to bequeath? We think the will was ineffectual to change the beneficiary or divert the fund from the persons named in the certificate." (Pages 95, 97.)

In *Daniels v. Pratt,* 143 Mass. 216, 10 N. E. 166, where the by-laws of the society provided that no change of beneficiary should be valid except when made in accordance with the rules of the order, the last will of the member was held ineffectual as a change of designation. These views are supported by the weight of reason and authority. The decisions generally are to the effect that a member of a benefit society who is the holder of a certificate of this character has no interest in the certificate which can be disposed of by will.

In *Kemper v. Modern Woodmen,* 70 Kan. 119, 78 Pac. 452, which followed and approved the Olmstead case, *supra,* there was no question of a will, but it was squarely decided that in order to effect a valid change of beneficiaries the procedure prescribed by the order, which is part of the contract, must be followed, and that the rules and by-laws of the order in respect to

the procedure for changing the beneficiary are not directory. As was said by the court in *Rollins v. Mc-Hatton,* 16 Colo. 203, 27 Pac. 254, 25 Am. St. Rep. 260:

"It would be a dangerous precedent were we to hold that the designation of the change of beneficiary by entry upon the books of the company is not imperative. Disregard of the prescribed mode of substitution would tend to frustrate the wise and benevolent object to which these societies owe their existence." (Page 207.)

Cases may arise where equity would aid in an attempted but uncompleted change of beneficiary—where the assured had done his part in making the substitution in accordance with the rules and by-laws of the order, but no such case is presented here.

Since the certificate never became a part of the estate of William Pilcher, and as he did not possess the power to change the beneficiary by will but could only do this in the manner prescribed by the by-laws of the order, the various contentions of the cross-petitioner in error must fall. The will itself, however, does not in our opinion attempt either to dispose of the certificate or change the beneficiary. In the fourth clause it is expressly stated that the certificate is not included in the provisions of the will.

We may concede that the parol testimony disclosed a latent ambiguity in the will when it showed that the beneficiary whose name then appeared in the certificate mentioned in the fourth clause of the will had previously died. The same testimony, however, showed that the testator not only knew but had in his mind the fact that the beneficiary named was no longer living; that he discussed and considered his right and intention thereafter to change the beneficiary. So that it is only reasonable to presume that he used the language with reference to his intention to make a change, and that by the words "beneficiary therein named" he meant, not the beneficiary whose name at that time appeared in the certificate, but the one he expected

thereafter to name and whose name would appear in the certificate at the time of his death.   We have, therefore, a case where a latent ambiguity is created by parol testimony and the same testimony removes the ambiguity and leaves the language of the instrument to control.   (17 Cyc. 677b.)   ·William Pilcher was for several years an officer of the local lodge and familiar with the by-laws and the procedure to be followed in order to make a change of beneficiary.   The evidence in rebuttal established the fact that after the execution of the will he was uncertain as to his desires in the matter, and that he never made or attempted to make any change therein.   The latent ambiguity in the fourth clause having been removed by the same testimony which created it, there is no ground· for the contention that this clause should be held null and void. The Dilley children therefore cannot take by virtue of the second clause in the will, which gives them all of the testator's property; real and personal.   This clause must be construed in connection with the fourth, which in terms states that the certificate is not included in the provisions of the will.

The claim that Emma H. Pilcher ever obtained a vested right in this certificate which passed at her death to her heirs is also contrary to the weight of authority.   The only interest in the certificate she had in her lifetime was in the nature of an expectancy, which ceased at her death. (See Rollins v. McHatton, 16 Colo. 203, 27 Pac. 254, 25 Am. St. Rep. 260; Riley v. Riley and others, 75 Wis. 464, 44 N. W. 112; Handwerker v. Diermeyer, 96 Tenn. 619, 36 S. W. 869; and authorities cited supra.)

There is still another reason why the judgment of the court cannot be permitted to stand.   The class of persons who may become beneficiaries is designated in express terms by the rules of the order.   The designation excludes those who are not either the "wife, surviving child, heir, blood relative, or person dependent upon or member of the family of the member at the

time of his death." The judgment gave portions of the proceeds to two of the stepchildren who were not shown to have been persons dependent upon William Pilcher nor members of his family. A person not of the class for whose benefit the society is organized cannot become a beneficiary. (*Britton v. Royal Arcanum*, 46 N. J. Eq. 102, 18 Atl. 675, 19 Am. St. Rep. 376; *Alexander et al. v. Parker*, 144 Ill. 355, 33 N. E. 183, 19 L. R. A. 187; *Old People's Home Society v. Wilson*, 176 Ill. 94, 52 N. E. 41; *Fisher v. Donovan*, 57 Neb. 361, 77 N. W. 778, 44 L. R. A. 383.)

The contention is urged by the Dilley children that the rules and by-laws of the order which are referred to herein were adopted after the execution and delivery of the certificate, and after the death of Emma H. Pilcher, and although in force at the time of the death of the member they are not a part of the contract. It is insisted that to hold these laws, adopted subsequently to the date of the certificate, as part of the contract is to make them retroactive. The certificate iself reads as follows:

"Subject to all the conditions on the back of this certificate, and named in its fundamental laws, and liable to forfeiture if said neighbor shall not comply with said conditions, laws and such by-laws and rules as are or may be adopted by the head camp or the local camp of which he is a member."

We have no difficulty in determining that the contract was made subject to all by-laws and rules of the order that might be adopted after the execution of the certificate. The doctrine of retroactive laws has no application here. No vested rights, as we have shown, accrued to any one, assured or beneficiary. The by-laws were adopted as much for the benefit of William Pilcher as for that of the society. He participated in their adoption, and they expressed the objects and purposes of the order crystallized by years of experience. If the assured had designated a change in the beneficiary which complied with the by-laws in force at the

time such change was made, and by-laws were afterward adopted which prescribed a different procedure, a question might arise involving the doctrine of the retroactive effect of the by-laws subsequently enacted. In the instant case no attempt was made to designate a different beneficiary, and we have therefore the not unusual case where the designated beneficiary dies before the assured and the latter fails to appoint or substitute a beneficiary. In such a case, where the rules and by-laws of the society which were a part of the contract expressly provide where the fund shall go at his death, the contract governs. In this case the laws of the order provide that under the facts, which are not disputed, the proceeds are payable only to the heirs of the assured.

The judgment is reversed and the cause remanded, with directions to enter judgment in favor of the heirs of William Pilcher.