————o————

No. 6422.

## SUCCESSION OF SAMUEL A. BLACKWELL.

### Syllabus.

A policy of insurance in favor of a designated person becomes the property of the beneficiary designated in the policy and forms no part of the succession of the insured.

The insured may change the beneficiary when the policy or by-laws of the insurer authorizes him so to do. But he must do so in the manner indicated by the by-laws, and in favor of one having an insurable interest, or the change will be of no effect.

A substitution of a beneficiary by will is not valid.

When an appeal is taken by an executor in his official capacity damages for frivolous appeal will not be allowed against him as such.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 105,455. Honorable F. D. King, Judge.

A. J. Peters, for appellant.

L. C. Graham, John C. Fleury, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Samuel A. Blackwell died, leaving a will dated April, 1913. He appointed an executor and among other dispositions made the following donations, viz:

To Octavia Blackwell, $300, to be paid out of the Odd Fellows' Endowment Policy, and,

To George W. Heath, Jr., $200, to be paid out of the same policy.

To Joseph W. Russell, the endowment accruing from the Household of Ruth.

Both these policies were in favor of his children Felicie A. Blackwell and Samuel A. Blackwell, as beneficiaries, and both were collected by the executor.

The executor filed an account. The assets consisted of the money collected from the above policies and other sources amounting to $873.00. From this fund the executor proposed to pay the privileged debts, consisting of the funeral and law charges amounting to $327.65 leaving a balance of $545.35, which the executor proposed to distribute in accordance with the terms of the will by a second account.

The tutrix of the two minor children of the deceased, Felicie and Samuel, beneficiaries as above stated, opposed this account on the ground that it failed to recognize the rights of ownership of said two minors to the two policies of $500 in the Odd Fellows' Endowment Bureau and of $200 in the Household of Ruth, and opposed the payment of any debts out of the proceeds of said two policies.

There was judgment recognizing said two minors as the owners of said two policies as the sole beneficiaries thereunder and decreeing the payment of the same to them free from any claims, and otherwise homologating the account.

From this judgment the executor in his official capacity has appealed.

The two minors answer the appeal and demand $70 damages for frivolous appeal.

It is shown that the legatees of the deceased Octavia Blackwell is his sister-in-law, and that George W. Heath and Joseph W. Russell are not related to the deceased, that they are only friends.

Section 6, Article 11 of the Constitution and by-laws of the Odd Fellows Endowment Bureau, reads as follows:

> "In case a member * * * desires the name of the beneficiary stated thereon changed, such member may have * * * the name of the beneficiary changed by making affidavit of the * * * change, and payment to the Secretary of the Bureau of Endowment the sum of fifty cents, which sum shall go to the expense account of the Endowment Bureau."

Section 2, Article VIII, provides:

> "Whenever a member desires to change the name of the beneficiaries, he must forward his policy with the name or names of the intended beneficiary or beneficiaries inserted at the proper place, and have same attested to. For this change he must enclose 50 cents."

Section 2, under title "Penalties" reads:

> "No policy shall be issued in favor of any person who has not an insurable interest in the life of the insured."

Section 6 of Act 256 of 1912, p. 567, is as follows:

> "That the payment of death benefits shall be confined to * * * a person or persons dependent upon the member," etc.

Ever since the case of the **Succession of Kugler, 23 A.,** 455, decided in 1871, it has been the law of this State that a policy of insurance in favor of a designated person becomes the property of the beneficiary designated in the policy and forms no part of the succession of the insured.

26 A., 326; 27 A., 269; 29 A., 714; 33 A., 322; 42 A., 741; 46 A., 240, (247) 1215; 47 A., 896 9 L.; 52 A., 1763; 105 La., 32; 109 La., 332, 365; 131 La., 1034; 135 La., 49.

Therefore the beneficiaries in this case became the owners of the two policies above mentioned unless the attempt to substitute other beneficiaries by will was legal.

The insured have the right to change the beneficiary under one of two conditions, first, when the policy permits it, and second with the consent of the beneficiary. It is not shown that the beneficiaries under either policy consented to the change.

But before the change made by the assured shall be effective, it must comply with two conditions precedent, viz; it must be done in the manner and form prescribed by the laws of the Insurance Company, and the substituted beneficiary must have an insurable interest.

29 Cyc., 125-134.

Although the laws of the Odd Fellows' Bureau permitted the change, they prescribed certain forms to attain that end which were not followed by the assured. There was not a word or an act operative during his life that was communicated to the insurer to change the beneficiary. The will took effect only at the death of the testator, and at that time the policy had vested in the beneficiary. At any rate that was not the mode laid down by the charter and by-laws to change the benefi-

ciary. It has been held that a substitution of the beneficiary by will is not valid.

> 29 Cyc., p. 134 (C); 42 L. R. A., N. S., 1170; 83 Atl. (Md.) 149; 17 L. R. A., (N S.) 1033; 94 Pac., 132; 132 Mass., 314; 143 Mass., 216; 213 Penn., 499; 61 N. H., 137; 4 L. R. A., (N. S.) 939.

Nor were the new beneficiaries, Octavia Blackwell or George W. Heath, Jr., eligible, for the reason that, as friends only, they had no insurable interest.

In the case of **Reixbach vs. Bureau,** we decided on May 3rd, last: ''Where the charter or regulations of a fraternal or mutual benefit society prescribe that no policy or certificate shall issue in favor of one who is without an insurable interest in the life of the insured, the designation as beneficiary of a person thus disqualified or ineligible is nugatory.''

Besides, this substitution of beneficiary was attempted to be made by a will dated April 30th, 1913; on that date the Act of 1912 confined the payment of benefits only to ''persons dependent upon the member.''

By reason of the substitution of the new beneficiary being void, the original beneficiary remained unaffected.

> **29 Cyc., 125 (2), 100 (3).**

As far as the policy in the Household of Ruth is concerned, it does not appear that it permitted a change of beneficiary, nor that the beneficiary consented to it. The change was therefore illegal.

> **33 A., 322; 42 A., 740; 50 A., 1027.**

It was also illegal under the Act of 1912.

It follows that the judgment of the lower Court is correct and it is affirmed.

But the appellees are not entitled to damage for a frivolous appeal taken by the executor, he is not before the Court individually and to mulct him in his official capacity would be to punish the creditors of the succession.

**28 A., 626.**

Opinion and decree, June 30th, 1915.