No. 28,625.

BEN KESSINGER, as Administrator of the Estate of Robert Lockhart, Deceased, *Appellee*, v. THE ANCIENT ORDER OF UNITED WORKMEN OF KANSAS, *Appellant.*

(276 Pac. 51.)

Opinion filed April 6, 1929.

*Edgar Bennett* and *A. C. Bokelman,* both of Washington, for the appellant.
*Paul H. Royer,* of Abilene, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, as administrator of the estate of Robert Lockhart, deceased, sued to recover on a beneficiary certificate held by Robert Lockhart in the defendant at the time of his death. The defendant filed a demurrer to the petition. That demurrer was overruled. The defendant appeals.

The petition alleged:

"That Robert Lockhart died intestate, unmarried and without issue on or about the 21st day of August, A.D. 1926; that he did not leave any heirs or relatives living at the time of his death, of whom said plaintiff has been able to learn."

The petition further alleged that at the time of the death of

Robert Lockhart he held a beneficiary certificate in the Ancient Order of United Workmen of Kansas; that his wife, Sarah Lockhart, named in the certificate as beneficiary, died about October 8, 1914; that Robert Lockhart thereafter continued to pay the assessments levied against him on the certificate; that he never at any time intended to donate to the defendant the payments that had been made on the certificate held by him; and that the defendant had not returned to Lockhart or to the plaintiff any of the payments that had been made. The plaintiff prayed for judgment for the amount of the beneficiary certificate, or if that could not be had, that he recover the payments that had been made by Robert Lockhart after the death of his wife. The petition did not allege that Robert Lockhart left any heir, or relative, or any person dependent on him, nor that the defendant knew of the death of Sarah Lockhart or that Robert Lockhart had no heirs, relatives, or dependents.

A copy of the beneficiary certificate was attached to the petition. It provided that—

"The application for beneficiary certificate in the order by said member and any subsequent application of said member for a beneficiary certificate in the order, together with all conditions hereon and the medical examination on which said member was admitted to the order and any and all medical examinations of said member made on any reinstatement or increase of his beneficiary certificate and which examination or examinations are or may be filed in the office of the grand recorder shall constitute the contract between said member and said grand lodge."

No copy of the by-laws, nor of the medical examination, was attached to the petition. It appears that the beneficiary certificate was issued January 27, 1908.

■ Section 4303 of the General Statutes of 1909, in force at the time the certificate was issued, provided that—·

"The payment of death benefits of such an association shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member thereof."

By section 1 of chapter 208 of the Laws of 1917 that language was changed so as to read as follows:

·"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree ascending or descending, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person.or persons dependent upon the member."

That part of the law quoted from section 1 of chapter 208 of the

Laws of 1917 was in force at the time of the death of Robert Lockhart and appears in section 40-701 of the Revised Statutes of 1923.

In *Olmstead v. Benefit Society*, 37 Kan. 93, 97, 14 Pac. 449, this court, in discussing the effect of a will on a certificate held by a member in the Masonic Mutual Benefit Society of Kansas, said:

"In no event was it payable to him, nor could it become a part of his estate; and having no interest in the fund, what was there for him to bequeath?"

In *Pilcher v. Puckett*, 77 Kan. 284, 288, 94 Pac. 132, the following language was used:

"It is inconsistent with the theory upon which benefit societies are organized that the proceeds of a benefit certificate should be considered assets of the member's estate. Otherwise it would become liable for his debts and the costs of administration, something not within the contemplation and purpose for which such orders are established. The insured member himself has no interest in the fund; he possesses simply a power of appointment, which, if not exercised, becomes inoperative."

In *Boice v. Shepard*, 78 Kan. 308, 96 Pac. 485, this court declared that—

"While the beneficiary named in the certificate of a member of a fraternal benefit society may be changed by the member, in accordance with the laws of the society, the insured has no interest in the fund derived from his membership, nor can such fund become a part of his estate or liable for his debts."

The petition disclosed that there was no person to whom the certificate could be paid under the law in this state and that Robert Lockhart had not designated a new beneficiary upon the death of his wife. In this state the proceeds arising from the payment of a certificate cannot become part of the estate of a deceased member in a fraternal insurance organization. If neither the certificate nor the proceeds arising from it can become a part of the estate of a deceased member, the administrator of his estate cannot successfully prosecute an action to recover on the certificate. If there were any persons to whom the certificate might be paid, the action should be prosecuted in their name and not in the name of the administrator.

■ Can plaintiff recover the assessments paid by Robert Lockhart after the death of his wife? The defendant was under contract to pay to Sarah Lockhart on the death of her husband. It was not informed of her death so far as the petition disclosed. The defendant received the money not knowing of the death of Sarah Lockhart and not knowing that Robert Lockhart had no other person to whom the certificate might be made payable under the laws of this state.

It received payments believing that it would be liable to some proper person on the certificate. Under such circumstances there is no obligation on the part of the defendant to return any part of the money received by it on the certificate that had been issued to Robert Lockhart. It follows that the plaintiff cannot recover the payments made by Robert Lockhart after the death of his wife.

The judgment is reversed, and the trial court is directed to sustain the demurrer of the defendant.